**Exhibit E**



# GRANTED WITH MODIFICATIONS

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| GEORGE K. BAUM CAPITAL PARTNERS, L.P., GEORGE K. BAUM EMPLOYEE EQUITY FUND, L.P., and SW PELHAM FUND, L.P.<br><br>Plaintiffs,<br><br>v.<br><br>LE NATURE'S, INC., f/k/a GLOBAL BEVERAGE SYSTEMS, INC., GREGORY J. PODLUCKY, ANDREW MURIN, ROBERT B. LYNN and JONATHAN E. PODLUCKY,<br><br>Defendants. | Civil Action No. 2158-N |

## ORDER APPOINTING A CUSTODIAN

Upon the expedited motion of plaintiffs George K. Baum Capital Partners, L.P., George K. Baum Employee Equity Fund, L.P. and SW Pelham Fund, L.P. dated October 25, 2006 (the "Motion") for entry of an order for the appointment of a receiver *pendente lite* pursuant to Rule 149 of the Court of Chancery Rules; and on the record established in this case; and after due deliberation and finding proper notice has been given, the Court determines that sufficient cause exists to grant the requested relief as set forth herein.

IT IS FOUND AND DETERMINED THAT:

A. Plaintiffs have presented evidence of ongoing fraudulent and deceptive conduct, and violations of plaintiffs' rights, by defendant Le-Nature's, Inc., f/k/a Global Beverage Systems, Inc. (the "Company"), and one or more of defendants Gregory J. Podlucky, Andrew Murin, Robert B. Lynn and Jonathan E. Podlucky (collectively, the "Individual Defendants") that

*See modification at end*

have resulted in irreparable injury to plaintiffs, as detailed below. The appointment of a custodian is necessary to insure that the Company's day-to-day activities are appropriately managed while the issues concerning plaintiffs' claims of entitlement to control the process to sell the Company and membership on the board are being litigated, to preserve and protect key evidence and prevent irreparable injury to plaintiffs and the Company, and to insure the Company's compliance with the orders of the Court.

B. Plaintiffs have presented evidence that defendants have violated, and continue to violate, plaintiffs' contractual rights by causing the Company to (i) continue to make non-ordinary course capital expenses without notice to, and the prior written consent of, each of the plaintiffs, and (ii) fail to provide to plaintiffs complete and timely financial statements and reports.

C. Plaintiffs have presented evidence that defendants have violated the Court's Preliminary Injunction Order, issued June 6, 2006, including evidence that, since the Preliminary Injunction Order was issued, defendants have (i) caused the Company to make additional non-ordinary course capital expenses without the prior written consent of each of the plaintiffs, and (ii) obligated the Company to incur debt and make payments or become liable for $1 million or more without prior notice to plaintiffs.

D. Plaintiffs have presented evidence that defendants have violated the Court's *Ex Parte* Temporary Restraining Order, issued October 20, 2006, including evidence that, since the Temporary Restraining Order was issued, (i) the Individual Defendants have failed to deliver for safekeeping certain Company property to the Company's outside auditor, BDO Seidman LLP, within the time provided in the Temporary Restraining Order, and (ii) the Company has retained an outside consulting firm to analyze certain transactions as to which

issues have been raised in this litigation without the unanimous consent of the Company's board of directors as required under the Temporary Restraining Order.

E. Plaintiffs have presented evidence that defendants have engaged in potentially criminal conduct by fraudulently inducing AIG Commercial Equipment Finance, Inc. ("AIG") to deposit more than $25 million with an equipment manufacturer, Krones Inc. ("Krones"), to purchase certain equipment that was to be leased by the Company for its proposed Florida facility and, thereafter, using one or more forged documents, causing Krones to remit more than $20 million of those funds to the Company without AIG's knowledge or consent.

F. Plaintiffs have presented evidence that, in connection with the proceedings leading to entry of the Preliminary Injunction Order, (i) defendants proffered as evidence minutes for an April 14, 2005 board and shareholder meeting that were intentionally doctored and falsified by defendants, and (ii) defendants' false sworn statements to the contrary were a deliberate effort to mislead the Court.

G. The evidence plaintiffs have presented of breaches of fiduciary duty, violations of the Preliminary Injunction Order and the Temporary Restraining Order, and the preparation and use of forged and falsified documents by one or more of the Individual Defendants has not been rebutted by defendants. Such evidence is sufficient to satisfy the standards for issuance of a preliminary injunction and a mandatory injunction.

NOW, THEREFORE, IT IS HEREBY ORDERED, for the reasons stated in the Court's oral ruling at the hearing on October 27, 2006, as follows:

1. The Motion is hereby granted on the terms set forth below.

2. Kroll Zolfo Cooper is hereby appointed as custodian (the "Custodian"), as an agent of the Court, to take possession and control of Le-Natures, Inc. (the "Company"), and

3

its business, operations and asset (the "Assets"), to temporarily administer and manage the Assets, and to operate the Company's business, as further provided herein, and is hereby authorized to retain counsel.

3. The bond and residency requirements of Court of Chancery Rules 149 and 150 are hereby waived for cause shown. The Custodian's appointment shall be effective immediately. The Custodian shall continue to control and manage the Assets until further order of the Court. The Company and its Assets are now *in custodia legis*, and prior leave of the Court shall be required before any lien, encumbrance, judgment, or other or further process shall issue or attach to the same.

4. Unless and until otherwise ordered by the Court or agreed by each of the plaintiffs in writing, the Individual Defendants, the Company and its officers, directors, agents, servants, subsidiaries, affiliates, parent corporation, employees, attorneys, advisors and all persons acting in concert or participation with any of them, and each of their successors and assigns, shall cooperate with the Custodian to carry out the provisions of this Order and shall accept the instructions of the Custodian with respect to the Company and the Assets and shall act with and under the supervision, consent and instruction of the Custodian with respect to the same and, in so doing, are hereby restrained and enjoined from (i) making, or committing the Company to make, any expenditure of Company funds, (ii) accessing, tampering with or destroying any Company property, books or records, (iii) selling, leasing or otherwise disposing of, or committing the Company to sell, lease or otherwise dispose of, any assets of the Company and any of its subsidiaries, affiliates, and parent corporation, (iv) making, or committing the Company to make, any loans, advances or investments of any kind or nature, or entering into, or committing the Company to entered into, any guarantees, and (v) causing or committing the

4

Company to incur any debt or otherwise to become liable to any party for any reason. The Company and the Individual Defendants shall not take any actions with respect to the Company or the Assets without the consent of the Custodian or cause any person or entity to take any such action.

5. The Individual Defendants are hereby ordered to turn over to the Custodian, within 48 hours after entry of this order, all remaining Company property in their possession, including, but not limited to, books, records, files, electronics, cellular and wireless telephones, computers, Company vehicles (whether owned, leased or rented), customer lists, contracts, money, credit cards, Company checks, Company letterhead, and Company funds, keys to the Company's properties, alarm codes and passwords, computer passwords, bank account information, and account access passwords for Company accounts.

6. Unless and until otherwise ordered by the Court or agreed in writing by the Custodian, the Individual Defendants are hereby restrained and enjoined from withdrawing or transferring any funds from the Company's bank or other financial accounts. Any bank or financial institution may rely on this Order as evidence of the absence of authority for any Individual Defendant to withdraw or transfer funds.

7. This order, when presented by the Custodian, plaintiffs or their designated representatives to the representative of a bank or other financial institution, shall constitute sufficient notice and authority to alter the signatory requirements for all of the Company's deposit, checking, security or other financial accounts. The authority of each of the Individual Defendants to act in respect of the Assets hereby is suspended, and the Custodian is authorized to exercise all authority of the Individual Defendants in respect of the administration of the Assets, including, without limitation, authority to execute financial instruments and authorize deposits

5

and payments in the ordinary course of the Company's business. The Custodian may continue to utilize the Company's current banking accounts and financial institutions and the requirements of Court of Chancery Rule 152 regarding the deposit of corporate funds into a bank within the State of Delaware are hereby waived.

8. Unless and until otherwise ordered by the Court, the Custodian shall not be required to provide a register or notice of bar date to creditors pursuant to Court of Chancery Rule 153 or file reports on the inventory, operations, list of debtors and creditors or a list of stockholders pursuant to Court of Chancery Rules 151 and 161, all of which are hereby waived.

9. The Custodian may take such action and incur, at the expense of the Company and/or the Assets, such costs and charges, and make such disbursements as may be actually necessary for taking possession and control of the Assets, preserving the Assets, operating the Company's business in the ordinary course, and implementing the provisions of this Order. In the event that the Custodian determines that it is in the best interest of the Company to take any action other than in the ordinary course of business, the Custodian shall make such recommendation as it deems appropriate to the Company's board of directors; if the board of directors unanimously approves the recommended action, the Custodian is authorized to do all things necessary or desirable to implement the approved action; if the board of directors does not unanimously approve the recommended action, the Custodian may apply to the Court on notice to plaintiffs and defendants for authorization to take such action as it deems to be necessary or desirable.

10. The Custodian may take any actions reasonably necessary to implement the provisions of this Order including, but not limited to, applying to the Court for any order that may be necessary or appropriate to enable the Custodian to properly fulfill or implement the

Custodian's duties pursuant to this Order. The Custodian shall report to and communicate with the Company's board of directors such information as may be necessary or appropriate or reasonably requested by any member of such board.

11. The Custodian shall be entitled to receive reasonable compensation and reimbursement of expenses actually incurred, subject to approval of the Court.

12. All individuals and entities who receive notice of this Order, and anyone acting on behalf of any of them, shall be and hereby are, restrained and enjoined from doing any act whatsoever that is contrary to or inconsistent with the relief herein provided.

13. The Court will hold a status conference with the parties, the Custodian and its counsel on November ___, 2006, at ___ ___.m.

Dated: Wilmington, Delaware
     October 27, 2006

_____
Vice Chancellor Leo E. Strine, Jr.

Court: DE Court of Chancery

Judge: Strine, Leo E

File & Serve reviewed Transaction ID: 12750618

Current date : 10/27/2006

Case number: 2158-N

Case name: CONF ORDER George K Baum Capital Partners LP vs Le Natures Inc

The only modification is that the court indicated its merits reasons on the record today. Although paragraphs A-F are, for the most part, accurate depictions of the proceedings and record, paragraph G is the paragraph that summarizes the court's conclusions on the merits prong of the injunction standard. Paragraphs A-F are therefore stricken. The order is entered for the reasons stated on the record. The remaining portions of the order are left as written. The status conference referenced will be scheduled when the parties contact Ms. Boulden.

/s/ Judge Leo E Strine Jr