UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 06-25454-MBM |
| LE-NATURE'S, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| FEDERAL INSURANCE COMPANY, | Civil Action No. 07-479 |
| Plaintiff, | |
| v. | Adversary No. 07-02138-MBM |
| LE-NATURE'S, INC.; R. TODD NEILSON, as Chapter 11 Trustee for Le-Nature's, Inc.; and GREGORY J. PODLUCKY, | Related to Document No. 1 |
| Defendants. | |

## ANSWER OF DEFENDANT R. TODD NEILSON
## TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT

R. Todd Neilson, the Chapter 11 Trustee (the "Trustee") for Le-Nature's, Inc. ("Le-Nature's") and one of the defendants in the above-captioned adversary proceeding (the "Proceeding"), by and through his undersigned counsel, for his answer to the Adversary Proceeding Complaint for Declaratory Judgment (the "Complaint") by plaintiff Federal Insurance Company ("Federal" or the "Plaintiff"), respectfully alleges as follows:

1. The Trustee admits only that Federal purports to allege a jurisdictional basis for this Proceeding based on the various statutes cited in paragraph 1 of the Complaint. To the

extent that paragraph 1 of the Complaint sets forth argument and/or legal conclusions, the Trustee avers that no response is required and, on that basis, the Trustee denies such averments. To the extent that paragraph 1 of the Complaint sets forth factual allegations, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. The Trustee admits only that Federal purports to allege that Federal is entitled to relief under the statutes cited in paragraph 2 of the Complaint. To the extent that paragraph 2 of the Complaint sets forth argument and/or legal conclusions, the Trustee avers that no response is required and, on that basis, the Trustee denies such averments.

3. The Trustee admits only that Federal purports to allege that venue is proper in this Court [sic] based on the statute cited in paragraph 3 of the Complaint. To the extent that paragraph 3 of the Complaint sets forth argument and/or legal conclusions, the Trustee avers that no response is required and, on that basis, the Trustee denies such averments.

4. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5. The Trustee admits the allegations set forth in paragraph 5 of the Complaint.

6. The Trustee denies all the allegations in paragraph 6 of the Complaint, except that he admits that he is the court-appointed chapter 11 trustee of Le-Nature's.

7. The Trustee admits that Gregory Podlucky is the Founder of Le-Nature's and was its chief executive officer. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of certain of the other allegations set forth in paragraph 7 of the Complaint.

8. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint. Paragraph 8 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

9. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint. Paragraph 9 of the Complaint purports to describe and summarize documents without putting the descriptions or summaries into the larger context of the documents. To the extent the descriptions and summaries are accurate, the Trustee avers that the documents, to the extent they are authentic and taken as a whole, speak for themselves.

10. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint. Paragraph 10 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

11. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint. Paragraph 11 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are

accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

12. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint. Paragraph 12 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

13. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint. Paragraph 13 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

14. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint. Paragraph 14 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

15. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint. Paragraph 15 of the Complaint purports to describe and summarize a document without putting the description or

summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

16. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint. Paragraph 16 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

17. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint. Paragraph 17 of the Complaint purports to describe and summarize a document without putting the description or summary into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

18. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint. Paragraph 18 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

19. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint. Paragraph 19 of the

Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

20. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint. Paragraph 20 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

21. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint.

22. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint.

23. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to describe and summarize a court order without putting the description or quotation into the larger context of the order or the case in which it was allegedly entered. To the extent the description and summary are accurate, the Trustee avers that the order, taken as a whole, speaks for itself. To the extent paragraph 24 of the Complaint contains factual allegations, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint.

25. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint. Paragraph 25 of the Complaint purports to describe and summarize a court order without putting the description or summary into the larger context of the order or the case in which it was allegedly entered. To the extent the description and summary are accurate, the Trustee avers that the order, taken as a whole, speaks for itself.

26. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint. Paragraph 26 of the Complaint purports to describe and quote from a court order without putting the description or quotation into the larger context of the order or the case in which it was allegedly entered. To the extent the quotation and the description are accurate, the Trustee avers that the order, taken as a whole, speaks for itself.

27. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint.

28. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint.

29. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Complaint.

30. The Trustee admits that investigators from the federal government located apparently valuable property at the Debtors' facility in Latrobe, Pennsylvania. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 30 of the Complaint.

31. The Trustee admits that four trade creditors of Le-Nature's filed an involuntary petition for relief in the United States Bankruptcy Court for the Western District of Pennsylvania, that the case was converted to a case under chapter 11 of the Bankruptcy Code and that Salvatore LoBiando ("LoBiando") of Kroll Zolfo Cooper ("KZC") was appointed as responsible officer of Le-Nature's. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 31 of the Complaint.

32. The Trustee admits that the Debtor's facilities in Phoenix, Arizona and Latrobe, Pennsylvania were shut down shortly after Le-Nature's chapter 11 case was commenced. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 32 of the Complaint.

33. To the extent paragraph 33 of the Complaint alleges that LoBiando made statements to the Court, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint. In addition, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 33 of the Complaint. Paragraph 33 of the Complaint also purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

34. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint. Paragraph 34 of the Complaint also purports to describe and quote from a document without putting the description

or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

35. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint. In addition, the averments contained in paragraph 35 of the Complaint are argument and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

36. To the extent that paragraph 36 of the Complaint alleges any statement or report by KZC as a fact, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint.

37. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint.

38. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint.

39. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint.

40. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint. In addition, the averments contained in paragraph 40 of the Complaint are argument and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

41. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint. In addition, the

averments contained in paragraph 41 of the Compliant are argument and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

42. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

44. The Trustee admits that Federal has expressed its intent to rescind the Policy (as defined in the Complaint), that Federal attempted to tender a return of the premium and that the Trustee refused to accept Federal's tender of the premium. The Trustee further admits that if the Policy is rescinded the premium should be returned to Le-Nature's. Paragraph 44 of the Complaint alleges that the Trustee's counsel may have entered into an agreement with Federal regarding Federal's rights and obligations regarding a rescission of the Policy. However, Federal does not cite or refer to any formal agreements between itself and the Trustee. To the extent the Trustee and Federal entered into any agreement or agreements, the Trustee avers that such agreement or agreements, taken as a whole, speak(s) for itself or themselves. To the extent that Federal alleges that the Trustee agreed to any matter not admitted herein or reduced to writing, the Trustee denies the allegations set forth in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

46. The allegations contained in paragraph 46 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies

such averments. Paragraph 46 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

47. Paragraph 47 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

48. Paragraph 48 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

49. Paragraph 49 of the Complaint purports to describe and quote from a document without putting the description or quotation into the larger context of the document. To the extent the quotation and the description are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

50. Paragraph 50 of the Complaint refers to (a) findings of a Delaware court, (b) reports made by KZC and (c) a federal investigation. To the extent the Delaware Court, KZC or the federal government have discussed, reported or investigated any matter related to the Debtors, such discussions, reports or investigations speak for themselves. Moreover, the Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, if any, made by the Delaware court, KZC or the federal government or otherwise set forth in paragraph 50 of the Complaint.

51. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint.

52. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint. In addition, the averments contained in paragraph 52 of the Complaint are argument and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

53. The allegations contained in paragraph 53 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

54. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Complaint. In addition, the allegations contained in paragraph 54 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

55. The Trustee admits that he has taken the position that Le-Nature's is entitled to coverage under the Policy. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 55 of the Complaint.

56. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint. In addition, the averments contained in paragraph 56 of the Complaint are argument and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

57. The Trustee repeats and realleges his responses to paragraphs 1 through 56 to the Complaint as though set forth fully herein.

58. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint. In addition, the allegations contained in paragraph 58 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

59. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint.

60. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint.

61. The Trustee admits that Federal has expressed its intent to rescind the Policy, that Federal attempted to tender a return of the premium and that the Trustee refused to accept Federal's tender of the premium. The Trustee further admits that if the Policy is rescinded the premium should be returned to Le-Nature's. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in paragraph 61 of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

63. The Trustee repeats and realleges his responses to paragraphs 1 through 62 to the Complaint as though set forth fully herein.

64. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint. In addition, the allegations contained in paragraph 64 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

65. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 of the Complaint.

66. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 of the Complaint.

67. The Trustee admits the allegations in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

69. The Trustee repeats and realleges his responses to paragraphs 1 through 68 to the Complaint as though set forth fully herein.

70. The allegations contained in paragraph 70 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments. Paragraph 70 of the Complaint purports to describe and summarize a document without putting the description or quotation into the larger context of the document. To the extent the description and summary are accurate, the Trustee avers that the document, to the extent it is authentic and taken as a whole, speaks for itself.

71. The allegations contained in paragraph 71 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

72. The allegations contained in paragraph 72 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

73. The allegations contained in paragraph 73 of the Complaint are arguments and/or call for legal conclusions to which no answer is required and, on that basis, the Trustee denies such averments.

74. The Trustee lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74 of the Complaint.

## First Affirmative Defense

**(The Policy Cannot Be Rescinded as to
(a) Employment Practices Liability coverage, (b) Fiduciary Liability coverage,
(c) Internet Liability coverage and (d) Crime Non-Liability coverage)**

75. The Policy provides coverage for (a) Directors and Officers Liability, (b) Employment Practices Liability, (c) Fiduciary Liability, (d) Internet Liability and (e) Crime Non-Liability (each as defined and explained in the Policy).

76. The bases for rescission of the Policy alleged in the Complaint are only sufficient – if proven at trial – to rescind the Policy's Directors and Officers Liability coverage. However, the Policy cannot be rescinded as to those aspects of the Policy that were not affected by the fraud alleged in the Complaint. Thus, if the Policy is rescinded based on the allegations in the Complaint, the Policy should not be rescinded as to (a) Employment Practices Liability coverage, (b) Fiduciary Liability coverage, (c) Internet Liability coverage and (d) Crime Non-Liability coverage (collectively, the "Other Coverage Provisions"). As such, to the extent the Policy is rescinded as to Directors and Officers Liability coverage, the Other Coverage Provisions should be severed from the rescinded Policy.

## Second Affirmative Defense

### (That the Policy May Not Be Rescinded as to Officers and Directors Who Were Not Involved in Fraudulent Activity)

77. The Complaint alleges that one former officer and director of Le-Nature's engaged in fraudulent actions. However, the Complaint does not allege that all officers and directors of Le-Nature's engaged in fraudulent activity. Thus, there may be officers and/or directors of Le-Nature's who have not committed or participated in the fraudulent acts alleged in the Complaint. Nevertheless, such officers and directors may be sued on other grounds, such as negligence, that are covered under the terms of the Policy. As such, the Policy should not be rescinded as to those officers and directors who did not engage in fraudulent activity and are otherwise covered under the Policy.

**[Remainder of Page Intentionally Left Blank]**

**WHEREFORE,** the Trustee requests judgment that (i) the Policy may not be rescinded as to the Other Coverage Provisions based on the facts alleged in the Complaint; and (ii) that the Policy may not be rescinded as to any officer or director of Le-Nature's who did not engage in fraudulent activity and is otherwise covered under the Policy.

Dated: June 29, 2007

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

/s/ Bruce Grohsgal
---
Bruce Grohsgal (PA Bar No. 42775)
Iain Nasatir
Debra I. Grassgreen (admitted pro hac vice)
Ilan D. Scharf (admitted pro hac vice)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Attorneys for R. Todd Neilson,
the Chapter 11 Trustee for the Debtors