IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 06-25454-MBM |
| LE-NATURE'S, INC., | |
| Debtor. | Chapter 11 |
| FEDERAL INSURANCE COMPANY, | Adversary No. 07-02138-MBM |
| Plaintiff, | |
| | Doc. No. |
| v. | Related to Doc. No. 1 |
| LE-NATURE'S, INC., R. TODD NIELSEN, CHAPTER 11 TRUSTEE FOR LE-NATURE'S, INC., AND GREGORY PODLUCKY, | |
| Defendants. | |

**ANSWER TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND AFFIRMATIVE DEFENSES OF DEFENDANT GREGORY J. PODLUCKY AND THE DEBTOR, LE-NATURE'S, INC.**

AND NOW, come Defendants Gregory J. Podlucky ("Podlucky") and Le-Nature's, Inc. ("Le-Nature's") (collectively "these Defendants"), by and through their attorneys, Robert O Lampl and John P. Lacher, and set forth this Answer to Adversary Complaint for Declaratory Judgment and Affirmative Defenses as follows:

**ANSWER TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT**

**Jurisdiction and Venue**

1.      The averments of paragraph 1 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required,

1

the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

2.       The averments of paragraph 2 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

3.       The averments of paragraph 3 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

## Parties

4.       The averments of paragraph 4 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff is engaged in the business of providing insurance coverage. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

5.     The averments of paragraph 5 of the Plaintiff's Complaint are admitted.

6.     The averments of paragraph 6 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that the Defendant Trustee was appointed by the Honorable M. Bruce McCullough in a Chapter 11 Case pending in the United States Bankruptcy Court for the Western District of Pennsylvania at Case No. 06-25454. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

### Factual Allegations

7.     The averments of paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Defendant Le-Nature's was founded by Gregory J. Podlucky, that he is a citizen of the Commonwealth of Pennsylvania and that he is a shareholder in the Debtor. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

8.     The averments of paragraph 8 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves.

9.      The averments of paragraph 9 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

10.      The averments of paragraph 10 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

11.      The averments of paragraph 11 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

12.      The averments of paragraph 12 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of

insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

13.     The averments of paragraph 13 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

14.     The averments of paragraph 14 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

15.     The averments of paragraph 15 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining

averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

16.     The averments of paragraph 16 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

17.     The averments of paragraph 17 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

18.     The averments of paragraph 18 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are

without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

19.     The averments of paragraph 19 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

20.     The averments of paragraph 20 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

21.     The averments of paragraph 21 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

22.     The averments of paragraph 22 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

23.     The averments of paragraph 23 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

24.     The averments of paragraph 24 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of Delaware Court documents may be inconsistent with the express provisions of said documents, which documents speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

25.     The averments of paragraph 25 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of

Delaware Court documents may be inconsistent with the express provisions of said documents, which documents speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

26. The averments of paragraph 26 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of Delaware Court documents may be inconsistent with the express provisions of said documents, which documents speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

27. The averments of paragraph 27 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said

averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

28.     The averments of paragraph 28 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

29.     The averments of paragraph 29 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

30.     The averments of paragraph 30 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

31.     The averments of paragraph 31 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that unsecured trade creditors of the Debtor commenced involuntary bankruptcy proceedings against the Debtor, and that the Court subsequently converted the case to one under Chapter 11 of the Bankruptcy Code and appointed Salvatore LoBiondo as responsible officer of the Debtor. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

32.     The averments of paragraph 32 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

33. The averments of paragraph 33 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

34. The averments of paragraph 34 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

35. The averments of paragraph 35 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

36. The averments of paragraph 36 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

37. The averments of paragraph 37 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

38. The averments of paragraph 38 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

39. The averments of paragraph 39 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer,

these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

40. The averments of paragraph 40 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

41. The averments of paragraph 41 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

42. The averments of paragraph 42 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an

insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

43.     The averments of paragraph 43 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

44.     The averments of paragraph 44 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

45.     The averments of paragraph 45 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

46.     The averments of paragraph 46 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining

averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

47.     The averments of paragraph 47 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

48.     The averments of paragraph 48 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

49.     The averments of paragraph 49 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are

without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

50. The averments of paragraph 50 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

51. The averments of paragraph 51 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that there has been no final adjudication of the Delaware State Court action, and that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

52. The averments of paragraph 52 of the Plaintiff's Complaint are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are

without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

53. The averments of paragraph 53 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

### Controversy and Ripeness

54. The averments of paragraph 54 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

55. The averments of paragraph 55 of the Plaintiff's Complaint are admitted.

56. The averments of paragraph 56 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be

required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

## COUNT I

## DECLARATORY JUDGMENT THAT THE POLICY IS RESCINDED
## AS TO LE-NATURE'S

57.    The averments of paragraph 57 of the Plaintiff's Complaint are an incorporation paragraph, to which no response is required. These Defendants hereby incorporate herein by reference thereto the Answers set forth above as if fully set forth at length.

58.    The averments of paragraph 58 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

59.    The averments of paragraph 59 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that

factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

60.     The averments of paragraph 60 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

61.     The averments of paragraph 61 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

62.     The averments of paragraph 62 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

**COUNT II**

**<u>DECLARATORY JUDGMENT THAT THE POLICY IS RESCINDED
AS TO PODLUCKY</u>**

63.     The averments of paragraph 63 of the Plaintiff's Complaint are an incorporation paragraph, to which no response is required. These Defendants hereby incorporate herein by reference thereto the Answers set forth above as if fully set forth at length.

64.     The averments of paragraph 64 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

65.     The averments of paragraph 65 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

66.     The averments of paragraph 66 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial. By way of further Answer, these Defendants aver that any allegations set forth therein are unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

67.     The averments of paragraph 67 of the Plaintiff's Complaint are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

68.     The averments of paragraph 68 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

## COUNT III

## DECLARATORY JUDGMENT REGARDING COVERAGE DEFENSES

69.     The averments of paragraph 69 of the Plaintiff's Complaint are an incorporation paragraph, to which no response is required. These Defendants

hereby incorporate herein by reference thereto the Answers set forth above as if fully set forth at length.

70. The averments of paragraph 70 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied to the extent that what are purported to be summaries of the contents of insurance policies may be inconsistent with the express provisions of said policies, which policies and provisions speak for themselves. The remaining averments are denied, as these Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of said averments. Strict proof thereof is demanded at trial.

## **RESERVATION OF RIGHTS**

71. The averments of paragraph 71 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied as an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

72. The averments of paragraph 72 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied as an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

73. The averments of paragraph 73 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied as an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

74. The averments of paragraph 74 of the Plaintiff's Complaint constitute conclusions of law, to which no response is required. To the extent that factual averments are set forth therein to which a response is deemed to be required, the same are denied as an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio.

WHEREFORE, these Defendants respectfully request that this Honorable Court deny the Plaintiff the relief sought in its Complaint.

## FIRST AFFIRMATIVE DEFENSE

### The Policy cannot be rescinded as to any aspect of coverage not directly affected by the fraud alleged in the Complaint

75. The averments of Answer paragraphs 1 through 74 are incorporated herein by reference thereto as if fully set forth at length.

76. The Policy provides coverage for (a) Directors and Officers Liability; (b) Employment Practices Liability; (c) Fiduciary Liability; (d) Internet Liability; and (e) Crime Non-Liability, each as defined and/or explained in the provisions of the Policy.

77. Any Policy coverage not directly implicated in and/or adversely affected and/or rescinded by the adjudication of the fraud averred in this Complaint should be severed from the Policy and remain in full force and effect.

## SECOND AFFIRMATIVE DEFENSE

78.     The averments of Answer paragraphs 1 through 77 are incorporated herein by reference thereto as if fully set forth at length.

79.     The Complaint alleges that one former officer and director of Le-Nature's engaged in fraudulent actions. The Complaint does not allege that all officers and directors engaged in fraudulent activity.

80.     There are a number of officers and/or directors of Le-Nature's other than Podlucky against whom no allegations of fraud have been made.

81.     Further, no allegation of fraud against Podlucky has ever been proven in any court or proceeding.

82.     In the event that Policy coverage extends to any party not proven to be directly implicated in the fraudulent actions averred in the Complaint, then and in that event any Policy provision unrelated to and/or unaffected by said allegations, or extending coverage to any such party, should be severed from the Policy and remain in full force and effect.

WHEREFORE, these Defendants respectfully request that this Honorable Court enter judgment that: (i) the Policy may not be rescinded as to the other coverage provisions, as set forth in Answer and Affirmative Defenses paragraph 76, based on the facts alleged in the Complaint; and (ii) the Policy may not be rescinded as to any officer or director of Le-Nature's who is not proven to have engaged in fraudulent activity and is otherwise covered under the Policy.

Respectfully Submitted,

*/s/ Robert O Lampl*
ROBERT O LAMPL
Pa. I.D. # 19809
JOHN P. LACHER
Pa. I.D. # 62297
960 Penn Avenue
Suite 1200
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Counsel for Defendants Gregory J.
Podlucky and Le-Nature's, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              Bankruptcy No. 06-25454-MBM

LE-NATURE'S, INC.,

          Debtor.                                   Chapter 11

FEDERAL INSURANCE COMPANY,                          Adversary No. 07-02138-MBM

          Plaintiff,
                                                    Doc. No.
     v.
                                                    Related to Doc. No. 1
LE-NATURE'S, INC., R. TODD
NIELSEN, CHAPTER 11 TRUSTEE
FOR LE-NATURE'S, INC., AND
GREGORY PODLUCKY,

          Defendants.


**<u>CERTIFICATE OF SERVICE</u>**


          I, Robert O Lampl, do hereby certify that I served a true and correct copy

of the foregoing Answer to Adversary Complaint for Declaratory Judgment and

Affirmative Defenses upon the following, by electronic service, on the 5th day of

July, 2007:


Dennis St. J. Mulvihill
Mark A. Martini
Robb, Leonard Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

James Joseph
Spilman Thomas & Battle, PLLC
One Oxford Center, Suite 3440
301 Grant Street
Pittsburgh, PA 15219

David Rudov
Rudov & Stein, P.C.
First & Market Building
100 First Avenue, Suite 500
Pittsburgh, PA 15222

/s/ *Robert O Lampl*
Robert O Lampl
Pa. I.D. # 19809
John P. Lacher
Pa. I.D. # 62297
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330
(412) 392-0335
Counsel for Defendants Gregory
J. Podlucky and Le-Nature's, Inc.