## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re LE-NATURE'S, INC., et al., <br> *Debtors* | Bankruptcy No. 06-25454 (MBM) <br> Chapter 11 <br> Jointly Administered |
| Federal Insurance Company, <br> *Plaintiff* | Chief Judge M. Bruce McCullough |
| v. | Adversary Proc. No. 07-02138 (MBM) |
| Le-Nature's, Inc., Debtor; R. Todd Nielsen <br> as Chapter 11 Trustee for Le-Nature's, Inc.; <br> and Gregory Podlucky, <br> *Defendants* | |

## DECLARATION AND CERTIFICATE OF GOOD FAITH OF CHARLES C. LEMLEY IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL

Charles C. Lemley, Esq., an attorney admitted to practice before the United States Bankruptcy Court for the Western District of Pennsylvania, *pro hac vice*, deposes and says:

1.     I am a partner with the law firm of Wiley Rein LLP, attorneys for Federal Insurance Company ("Federal") in the above-captioned action. I submit this declaration in support of Federal's Motion to Compel Responses to Discovery Requests and to Deem Requests for Admissions to be Admitted.

2.     Attached hereto as Exhibit A is a true and correct copy of Federal's First Set of Document Requests to Gregory Podlucky, served on September 19, 2007.

3.     Attached hereto as Exhibit B is a true and correct copy of Federal's First Set of Interrogatories to Gregory Podlucky, served on September 19, 2007.

4.     Attached hereto as Exhibit C is a true and correct copy of Federal's First Set of Requests for Admissions to Gregory Podlucky, served on September 19, 2007.

5.      Attached hereto as Exhibit D is a true and correct copy of a letter I mailed and faxed to counsel for Gregory Podlucky on November 6, 2007.

6.      Pursuant to Local Rule 7037-1(F), I certify that I mailed and faxed the November 6, 2007 letter at Exhibit D to counsel for Gregory Podlucky in a good faith effort to resolve the discovery matters at issue, and counsel for Gregory Podlucky never responded to the letter or to Federal's discovery requests.  The parties, therefore, were unable to resolve the issues resulting from Gregory Podlucky's failure to respond to discovery.

I declare that the foregoing is true and correct under penalty of perjury.

Dated:  December 3, 2007

_____

Charles C. Lemley

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re LE-NATURE'S, INC., et al., *Debtors* | ) ) ) | Bankruptcy No. 06-25454 (MBM) Chapter 11 Jointly Administered |
| Federal Insurance Company, *Plaintiff,* | ) ) ) | Chief Judge M. Bruce McCullough |
| v. | ) ) | Adversary Proc. No. 07-02138 (MBM) |
| Le-Nature's, Inc., Debtor; R. Todd Nielsen as Chapter 11 Trustee for Le-Nature's, Inc.; and Gregory Podlucky, *Defendants.* | ) ) ) ) ) | |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO GREGORY PODLUCKY

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Plaintiff Federal Insurance Company ("Federal"), by counsel, hereby requests that Defendant Gregory Podlucky ("G. Podlucky") respond to the following document requests within thirty (30) days.

## DEFINITIONS

As used in these document requests, the following terms and definitions shall apply.

1. "All" and "each" means any, each and every.

2. "Application" means the written application for ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request the broader range of responses.

4.     "*Baum* Action" means the lawsuit filed in May 2006 by George K. Baum Capital Partners and SW Pelham Fund in the Delaware Court of Chancery against Le-Nature's and several of its officers and directors including Gregory Podlucky, Andrew Murin, Robert Lynn, and Jonathan Podlucky, subsequently removed to this Court and pending as *George K. Baum, et al. v. Le-Nature's, Inc., et al.*, Adversary Proceeding No. 06-02756 (MBM).

5.     "Complaint" means the adversary proceeding complaint filed in this action on March 30, 2007.

6.     "Documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), as incorporated by Federal Rule of Bankruptcy Procedure 7034, which includes, but is not limited to, any writing, recording or photograph in Your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: any and all written, typed, printed, recorded or graphic documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained – translated, if necessary, by You into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

7.     "Federal" means Federal Insurance Company.

8.     "Le-Nature's" means Le-Nature's, Inc. and Global Beverage Systems, Inc., and any affiliate, officer, director, employee, agent, or representative thereof.

- 2 -

9.     "Policy" means Federal Insurance Company's ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

10.    "Regarding" or "relating to" means consisting of, mentioning, referring to, describing, discussing, reflecting, citing, pertaining to, evidencing, concerning, summarizing, or analyzing, whether directly or indirectly, the matter discussed.

11.    "You" or "Your" means the individual to whom this discovery is directed.

## INSTRUCTIONS

1.     These requests for production are directed to You and cover all information in Your possession, custody or control, including information in the possession of employees, agents, servants, representatives, attorneys or other persons directly or indirectly employed or retained by You or anyone else acting on Your behalf or otherwise subject to Your control.

2.     The documents (as defined herein) produced pursuant to this request shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.  Electronically stored information may be printed and produced in paper form.

3.     If any requested document is no longer in Your possession, custody or control, state when the document was last in Your possession, custody or control, what was done with it, and the identity and address of the current custodian of the document (if any).

4. If You are unable to locate or produce documents in response to a request, state the steps that were taken to locate such documents and the reason why You cannot produce the documents requested.

5. These requests are deemed to be continuing in nature. You must supplement Your responses and production if You or Your attorneys become aware of or obtain further or different information or documents following the date of production.

6. Unless the text clearly requires otherwise, You shall interpret:

   (a) the singular form of a word to include the plural and vice versa;

   (b) the conjunctive "and" to include the disjunctive "or" and vice versa;

   (c) all pronouns to apply to the male, female and neutral genders;

   (d) the word "any" to include the word "all" and vice versa; and

   (e) the past tense of a word to include the present tense and vice versa.

7. You are to retain and refrain from destroying any document in Your possession, custody or control that is requested herein.

8. Where anything has been deleted or redacted from a document produced in response to these requests, specify the nature of the material deleted or redacted, state the reason for the deletion or redaction, and identify the person responsible for the deletion or redaction.

9. If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein, on the basis of any claim of privilege or protection from discovery, the claimed privilege or protection is to be identified and the following information shall be set forth:

(a)    the type of document (e.g., letter, memorandum, e-mail, etc.);

(b)    the general subject matter of the document;

(c)    the nature of the subject matter of the information withheld;

(d)    the date of the document;

(e)    the identity of the author of the document;

(f)    the identity of the recipient(s) of the document;

(g)    the identity of all persons who have seen the document; and

(h)    the nature of the privilege claimed.

10.    If You assert that a part of a document request is objectionable, respond to those remaining parts of the document request to which You do not object.

11.    Unless otherwise indicated, these requests cover all documents whenever created, up to the present.

12.    If any of the documents requested by Federal do not exist, Federal requests that You so state in writing in response to these requests.

## DOCUMENT REQUESTS

1.    All documents that were referred to or relied upon in the preparation of Your responses to Federal's First Set of Interrogatories to Defendant Gregory Podlucky in this action.

2.    All documents regarding the Policy, the Application or Federal.

3.    All documents regarding any representations made to Federal in the Application and/or the process of procuring the Policy.

4.    All documents regarding complaints, suspicions or allegations of financial improprieties or irregularities at Le-Nature's, including but not limited to any such

complaints, suspicions or allegations raised by John W. Higbee, Stacy Juchno and/or Jennifer Fabry.

5.     All documents regarding any investigation of Le-Nature's finances or accounting, including but not limited to the investigation conducted in 2003 in response to the concerns raised by Mr. Higbee, Ms. Juchno and Ms. Fabry.

6.     All documents regarding Executive Sounding Board Associates.

7.     All documents regarding communications with any federal or state authorities regarding possible crimes, financial irregularities, financial improprieties or misrepresented financial information related to Le-Nature's.

8.     All documents regarding or analyzing the accuracy of Le-Nature's financial statements for the years 1999, 2000, 2001, 2002, 2003, 2004 or 2005.

9.     All documents regarding the *Baum* Action, including but not limited to all filings, pleadings, orders, discovery requests, discovery responses and correspondence.

10.     If You contend that the Application did not misrepresent Le-Nature's total revenues, please produce all documents supporting that contention.

11.     If You contend that the Application did not misrepresent Le-Nature's total assets, please produce all documents supporting that contention.

12.     If You contend that the Application did not misrepresent Le-Nature's total cash flow from operations, please produce all documents supporting that contention.

13.     If You contend that the Application did not misrepresent Le-Nature's total assets, please produce all documents supporting that contention.

14.     If You contend that the audited financial statements submitted with the Application did not misrepresent Le-Nature's gross sales, please produce all documents supporting that contention.

15.     If You contend that the audited financial statements submitted with the Application did not misrepresent Le-Nature's gross profit, please produce all documents supporting that contention.

16.     If You contend that the audited financial statements submitted with the Application did not misrepresent Le-Nature's net income, please produce all documents supporting that contention.

17.     If You contend that any representations in the Application were false, but were not made with knowledge of their falsity and/or in bad faith, please produce all documents supporting that contention.

18.     To the extent not produced in response to any other of these Requests for Production of Documents, all documents supporting Your claims or contentions in this action.

WILEY REIN LLP

Daniel J. Standish
Charles C. Lemley
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)


Dennis St. J. Mulvihill, Esquire
PA I.D. 16411
ROBB LEONARD MULVIHILL

2300 One Mellon Center
Pittsburgh, PA 15219
412-281-5431

*Attorneys for Federal Insurance
Company*

Dated: September 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2007, I caused copies of the foregoing Plaintiff Federal Insurance Company's First Set of Document Requests to Gregory Podlucky to be served by prepaid U.S. First Class Mail on:

Bruce Grohsgal, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Robert O. Lampl, Esq,
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

*Attorneys for Defendants*

Charles C. Lemley

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re LE-NATURE'S, INC., et al., | ) | Bankruptcy No. 06-25454 (MBM) |
| *Debtors* | ) | Chapter 11 |
| | ) | Jointly Administered |
| Federal Insurance Company, | ) | |
| *Plaintiff,* | ) | |
| | ) | Chief Judge M. Bruce McCullough |
| v. | ) | |
| | ) | Adversary Proc. No. 07-02138 (MBM) |
| Le-Nature's, Inc., Debtor; R. Todd Nielsen | ) | |
| as Chapter 11 Trustee for Le-Nature's, Inc.; | ) | |
| and Gregory Podlucky, | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO GREGORY PODLUCKY

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Plaintiff Federal Insurance Company ("Federal"), by counsel, hereby requests that Defendant Gregory Podlucky ("G. Podlucky") respond to the following interrogatories within thirty (30) days.

## DEFINITIONS

As used in these Interrogatories, the following terms and definitions shall apply.

1.      "All" and "each" means any, each and every.

2.      "Answer" means the answer You filed to the Complaint on or about July 5, 2007.

3.      "Application" means the written application for ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

4.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request the broader range of responses.

5.     "*Baum* Action" means the lawsuit filed in May 2006 by George K. Baum Capital Partners and SW Pelham Fund in the Delaware Court of Chancery against Le-Nature's and several of its officers and directors including Gregory Podlucky, Andrew Murin, Robert Lynn, and Jonathan Podlucky, subsequently removed to this Court and pending as *George K. Baum, et al. v. Le-Nature's, Inc., et al.*, Adversary Proceeding No. 06-02756 (MBM).

6.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, opinions or otherwise).

7.     "Complaint" means the adversary proceeding complaint filed in this action on March 30, 2007.

8.     "Describe" means:  answer completely and accurately, using factual statements, the subject matter to which the interrogatory refers; identify all documents, communications and events relating to the discovery request; and identify all persons with knowledge of facts relevant to the discovery request and the nature and substance of their knowledge and/or expected testimony.

9.     "Documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), as incorporated by Federal Rule of Bankruptcy Procedure 7034, which includes, but is not limited to, any writing, recording or photograph in Your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or part, either to any of the subjects listed below

- 2 -

or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: any and all written, typed, printed, recorded or graphic documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained – translated, if necessary, by You into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Federal" means Federal Insurance Company.

11. "Identify" or a request to state an "identity":

    (a)    When used with the reference to a natural person, means to state:

        (i)    the person's full name;

        (ii)    the person's present or last known address; and

        (iii)    the present or last known place of employment and position.

    (b)    When used with reference to any person other than a natural person, means:

        (i)    to state its full name, the address of its principal place of business and its state of incorporation or filing of its organizational certificates; and

        (ii)    to describe the primary business in which such entity is engaged.

    (c)    When used with reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document including:

        (i)    the type of document (e.g., letter, memorandum, etc.), including the title and file or identifying markings thereon;

(ii)     the general subject matter thereof or, alternatively, to annex to and incorporate by reference in the answers to these interrogatories a true and correct copy thereof. If any such document is not in your possession, custody or control and, if that document's whereabouts are not known, state what disposition was last made of it, by whom, and the date thereof;

(iii)     the date of the document;

(iv)     author(s), addressee(s), and recipient(s) of the document; and

(v)     the relationship of the author and the addressee to each other.

(d)     When used with reference to a communication, means to state:

(i)     the substance of the communication;

(ii)     the identity of the persons between or among whom the communication took place;

(iii)     the identity of each person present when the communication took place;

(iv)     the date and time the communication took place and the manner in which it occurred (in a face-to-face meeting, via telephone, etc.); and

(v)     the identity of each document in which such communication was recorded, described or otherwise referred to, in whole or in part.

12.     "Le-Nature's" means Le-Nature's, Inc. and Global Beverage Systems, Inc., and any affiliate, officer, director, employee, agent, or representative thereof.

13.     "Policy" means Federal Insurance Company's ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

14.     "Regarding" or "relating to" means consisting of, mentioning, referring to, describing, discussing, reflecting, citing, pertaining to, evidencing, concerning, summarizing, or analyzing, whether directly or indirectly, the matter discussed.

15.     "State the basis" means:

    a.      identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of Your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.      identify each and every communication which forms any part of the source of Your information regarding the alleged facts or legal conclusions referred to by the interrogatory, and any person who made or received such communication;

    c.      state separately any fact which forms the basis of Your information regarding the alleged facts or conclusions referred to in the interrogatory.

16.     "You" or "Your" means the individual to whom this discovery is directed.

## INSTRUCTIONS

1.      These interrogatories are directed to You (as defined herein) and cover all information in Your possession, custody or control, including information in the possession of employees, agents, servants, representatives, attorneys or other persons directly or indirectly employed or retained by You or anyone else acting on Your behalf or otherwise subject to Your control.

2.    These interrogatories are to be answered separately and fully in writing under oath.

3.    Each answer to the interrogatories shall be immediately preceded by the interrogatory to which it responds.

4.    Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.

5.    All pronouns shall include the male, female and neuter genders.

6.    Each verb is to include all of its tenses.

7.    Whenever persons or entities are referred to, the reference shall be deemed to include the person or entity as well as any of its current or former successors, assigns, predecessors, affiliates, officers, directors, employees, accountants, attorneys, agents and other persons acting under its direction or control or on its behalf.

8.    If any interrogatory cannot be answered fully and completely, the portion or portions that cannot be answered are to be identified, the reason such portion or portions cannot be answered are to be set forth, and the remainder of the interrogatory is to be answered.

9.    If any interrogatory is not answered fully and completely on the grounds of a claimed privilege or protection from discovery, the claimed privilege or protection is to be identified, and the following information shall be set forth:

(a)    for documents (as defined herein): (i) the type of document (e.g., letter, memorandum, email, etc.); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the identity of the author of the document; (v) the identity of

the recipient(s) of the document; and (vi) the identity of all persons who have seen the document; and

(b)     for oral communications:  (i) the identity of the person making the communication; (ii) the identity of the recipient of the communication; (iii) the identities of all persons present when the communication was made; (iv) the date and place of the communication; and (v) the general subject matter of the communication.

10.     If information used in answering these interrogatories was obtained from any document or confirmed through any document, or the document is being produced in response to any interrogatory:

(a)     identify each such document and attach a copy hereto;

(b)     produce the documents in the manner in which they are kept in the usual course of business; and

(c)     designate the interrogatory or interrogatories to which such document responds, as well as the identity of the file(s) from which the documents were obtained.

11.     These interrogatories are continuing.  You must supplement Your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

12.     The answers to these interrogatories shall be signed by the person making them, and any objections shall be signed by the attorney making them.

## **INTERROGATORIES**

1.     If You dispute any of the factual allegations of the Complaint, identify each person with knowledge of the factual allegations You dispute and describe the knowledge such person possesses.

**Response:**

     2.      Identify all persons You intend to call as witnesses at trial in this matter and for each person state the subject matter of his or her testimony and the exhibits You plan to introduce during his or her testimony.

**Response:**

     3.      Identify all expert witnesses on Your behalf, provide all reports of each such expert witness, and for each such expert witness, describe in detail the subject matter on which the expert witness is expected to testify, the conclusions and opinions of the expert witnesses and the bases therefore, and the qualifications of the expert witness.

**Response:**

     4.      Describe all complaints, suspicions or allegations of financial improprieties or irregularities at Le-Nature's prior to November 2006, including but not limited to any such complaints, suspicions or allegations raised by John W. Higbee, Stacy Juchno and/or Jennifer Fabry.

**Response:**

     5.      Describe all investigations of complaints, suspicions or allegations of financial improprieties or irregularities at Le-Nature's prior to November 2006, including but not limited to investigations of such complaints, suspicions or allegations raised by John W. Higbee, Stacy Juchno and/or Jennifer Fabry.

**Response:**

     6.      Describe each communication You have had with federal or state authorities regarding any criminal investigation relating to You, other officers or directors of Le-Nature's, and/or Le-Nature's.

**Response:**

7. Your Answer states several times that the allegations of the Complaint are "unproven and an insufficient basis upon which to seek the voiding of the Defendants' insurance coverage ab initio." *See, e.g.*, Answer pars. 23-30. Do You concede that the allegations of the Complaint, if proven, provide a sufficient basis upon which to render void the Policy *ab initio*?

**Response:**

8. If You contend that the allegations of the Complaint, if proven, would not provide a sufficient basis upon which to render void the Policy *ab initio*, state the basis for that contention.

**Response:**

9. Do You contend that the representation in the Application that Le-Nature's total revenues in FY2004 were $228,812,363 was not false? If so, please state the basis for Your contention.

**Response:**

10. Do You contend that the representation in the Application that Le-Nature's total assets in FY2004 were valued at $425,808,886 was not false? If so, please state the basis for Your contention.

**Response:**

11. Do You contend that the representation in the Application that Le-Nature's total cash flow from operations in FY2004 was $79,954,778 was not false? If so, please state the basis for Your contention.

**Response:**

12. Do You contend that Le-Nature's was in compliance with all debt and/or loan covenants at the time You signed the Application? If so, please state the basis for Your contention.

**Response:**

13. Do You contend that Le-Nature's had procedures in place to verify the existence and ownership of all new vendors prior to adding them to the authorized master vendor list at the time You signed the Application? If so, please state the basis for Your contention.

**Response:**

14. Do You contend that the representation in the audited financial statements submitted with the Application that Le-Nature's gross sales were $228,812,363 for the year ending December 31, 2004 was not false? If so, please state the basis for Your contention.

**Response:**

15. Do You contend that the representation in the audited financial statements submitted with the Application that Le-Nature's gross profit was $109,912,646 for the year ending December 31, 2004 was not false? If so, please state the basis for Your contention.

**Response:**

16. Do You contend that the representation in the audited financial statements submitted with the Application that Le-Nature's net income was $22,010,988 for the year ending December 31, 2004 was not false? If so, please state the basis for Your contention.

**Response:**

17.    Do You contend that any of the representations made in the Application and/or the materials submitted with it were false, but were not made with knowledge of their falsity and/or in bad faith?  If so, please state the basis for Your contention as to each such representation.

**Response:**

18.    State the basis for the contention in Your First Affirmative Defense that "any Policy coverage not directly implicated in and/or adversely affected and/or rescinded by the adjudication of the fraud averred in this Complaint should be severed from the Policy and remain in full force and effect."

**Response:**

19.    State the basis for the contention following Your Second Affirmative Defense that "the Policy may not be rescinded as to any officer or director of Le-Nature's who is not proven to have engaged in fraudulent activity and is otherwise covered by the Policy."

**Response:**

WILEY REIN LLP


Daniel J. Standish
Charles C. Lemley
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)


Dennis St. J. Mulvihill, Esquire
PA I.D. 16411
ROBB LEONARD MULVIHILL

2300 One Mellon Center
Pittsburgh, PA 15219
412-281-5431

*Attorneys for Federal Insurance
Company*

Dated: September 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2007, I caused copies of the foregoing Plaintiff Federal Insurance Company's First Set of Interrogatories to Gregory Podlucky to be served by prepaid U.S. First Class Mail on:

Bruce Grohsgal, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Robert O. Lampl, Esq.
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

*Attorneys for Defendants*

_____
Charles C. Lemley

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re LE-NATURE'S, INC., et al., <br> *Debtors* ) <br> ) <br> Federal Insurance Company, ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> Le-Nature's, Inc., Debtor; R. Todd Nielsen ) <br> as Chapter 11 Trustee for Le-Nature's, Inc.; ) <br> and Gregory Podlucky, ) <br> *Defendants* ) | Bankruptcy No. 06-25454 (MBM) <br> Chapter 11 <br> Jointly Administered <br><br> Chief Judge M. Bruce McCullough <br><br> Adversary Proc. No. 07-02138 (MBM) |

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR ADMISSIONS TO GREGORY PODLUCKY

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, plaintiff Federal Insurance Company ("Federal"), by counsel, hereby requests that Defendant Gregory Podlucky ("G. Podlucky") admit the truth of the matters listed below within thirty (30) days.

## DEFINITIONS

As used in these Requests for Admission, the following terms and definitions apply shall apply.

1. "All" and "each" means any, each and every.

2. "Application" means the written application for ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request the broader range of responses.

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, opinions or otherwise).

5.     "Complaint" means the adversary proceeding complaint filed in this action on March 30, 2007.

6.     "Documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), as incorporated by Federal Rule of Bankruptcy Procedure 7034, which includes, but is not limited to, any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: any and all written, typed, printed, recorded or graphic documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained – translated, if necessary, by You into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

7.     "Federal" means Federal Insurance Company.

8.     "Latrobe Plant" means the Latrobe, Pennsylvania manufacturing plant previously owned or leased by Le-Nature's.

9.     "Le-Nature's" means Le-Nature's, Inc. and Global Beverage Systems, Inc., and any affiliate, officer, director, employee, agent, or representative thereof.

10.     "Phoenix Plant" means the Phoenix, Arizona manufacturing plant previously owned or leased by Le-Nature's.

11.     "Policy" means Federal Insurance Company's ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

12.     "Regarding" or "Relating To" means consisting of, mentioning, referring to, describing, discussing, reflecting, citing, pertaining to, evidencing, concerning, summarizing, or analyzing, whether directly or indirectly, the matter discussed.

13.     "Warranty Letter" means the warranty letter dated July 12, 2005 for ForeFront Portfolio Insurance Policy No. 8181-1088 issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. for the period from July 12, 2005 to September 12, 2006.

14.     "You" or "Your" means the individual to whom this discovery is directed.

## INSTRUCTIONS

1.     Pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, you are to answer these Requests for Admission based on all information available to or in the possession, custody, or control of you, your agents, and/or attorneys.

2.     If you object to any request for admission, state specifically your reasons for the objection. If you assert that part of a request for admission is objectionable, respond to those remaining parts of the request to which you do not object.

3.     When good faith requires you to qualify an answer or deny only a part of a request, specify so much of the request as is true and qualify or deny the remainder. If you cannot truthfully admit or deny any request or any part of any request, set forth in detail the reasons for your inability to do so. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made

reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny a request.

4.    If you cannot answer any portion of any of the following requests for admission in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, including, but not limited to, the reasons therefore, and stating whatever information or knowledge you have regarding the unanswered portions.

5.    If you fail to admit or deny any request or part of a request on the ground that the information known or readily obtainable by you is insufficient to enable you to admit or deny, and if you subsequently obtain information sufficient to enable you to admit or deny, you should immediately notify Federal and state whether you admit or deny the request or part of the request that was previously unanswered. In addition, if, subsequent to answering these requests, you obtain information upon the basis of which you know that any of your prior responses was incorrect when made or that any of your prior responses, though correct when made, is no longer correct, you should immediately notify Federal and state whether you admit or deny the request or part of the request that is incorrect.

## REQUESTS FOR ADMISSION

Admit the following:

6.    Exhibit A to the Complaint (a copy of which is served with these Requests for Admission) is a true copy of the Policy.

7.    Exhibit B to the Complaint (a copy of which is served with these Requests for Admission) is a true copy of the Application for the Policy.

8.     Exhibit C to the Complaint (a copy of which is served with these Requests for Admission) is a true copy of Le-Nature's audited financial statements which were furnished to Federal and incorporated by reference in the Application.

9.     Exhibit D to the Complaint (a copy of which is served with these Requests for Admission) is a true copy of the July 12, 2005 Warranty Letter for the Policy.

10.     On or around May 3, 2005, You signed the Application for the Policy as the Chief Executive Officer for and authorized representative of Le-Nature's.

11.     Before signing the Application, You did not make a reasonable inquiry into the statements made in the Application and its attachments as to whether those statements were true and complete.

12.     The Application contained representations that were false.

13.     The Application contained misrepresentations made with the intent to deceive Federal.

14.     To the best of Your knowledge and belief as of May 3, 2005, the Application contained representations that were false.

15.     To the best of Your knowledge and belief as of May 3, 2005, the Application contained misrepresentations made with the intent to deceive Federal.

16.     As of May 3, 2005, Le-Nature's allowed employees who reconcile the monthly bank statements to also sign checks, handle deposits or have access to check signing machines or signature plates.

17.     As of May 3, 2005, Le-Nature's was not in compliance with all debt and/or loan covenants.

18. As of May 3, 2005, Le-Nature's did not have procedures in place to verify the existence and ownership of all new vendors prior to adding them to the authorized master vendor list.

19. As of May 3, 2005, Le-Nature's did not verify invoices against a corresponding purchase order, receiving report and the authorized master vendor list prior to issuing payment.

20. As of May 3, 2005, George K. Baum Capital Partners and SW Pelham Fund owned Le-Nature's common stock.

21. As of May 3, 2005, George K. Baum Capital Partners and SW Pelham Fund owned at least 10 percent of Le-Nature's common stock.

22. As of May 3, 2005, Le-Nature's total revenues as of the most recent fiscal year were less than $228,812,363.

23. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total revenues as of the most recent fiscal year end were less than $228,812,363.

24. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total revenues as of the most recent fiscal year end were less than $200 million.

25. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total revenues as of the most recent fiscal year end were less than $150 million.

26. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total revenues as of the most recent fiscal year end were less than $100 million.

27. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total revenues as of the most recent fiscal year end were less than $50 million.

28. As of May 3, 2005, Le-Nature's total assets as of the most recent fiscal year end were less than $425,808,886.

29. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total assets as of the most recent fiscal year end were less than $425,808,886.

30. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total assets as of the most recent fiscal year end were less than $400,000,000.

31. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total assets as of the most recent fiscal year end were less than $300,000,000.

32. When You signed the Application, to the best of Your knowledge and belief Le-Nature's total assets as of the most recent fiscal year end were less than $200,000,000.

33. As of May 3, 2005, Le-Nature's cash flow from operations as of the most recent fiscal year end was less than $79,954,778.

34. When You signed the Application, to the best of Your knowledge and belief Le-Nature's cash flow from operations as of the most recent fiscal year end was less than $79,954,778.

35. When You signed the Application, to the best of Your knowledge and belief Le-Nature's cash flow from operations as of the most recent fiscal year end was less than $50 million.

36. When You signed the Application, to the best of Your knowledge and belief Le-Nature's cash flow from operations as of the most recent fiscal year end was less than $30 million.

37. When You signed the Application, to the best of Your knowledge and belief Le-Nature's audited financial statements for the years ended December 31, 2004 and 2003, prepared by BDO Seidman, LLP, contained false financial information about Le-Nature's.

38. During 2003 and 2004, Le-Nature's maintained more than one set of financial books and records.

39. Certain of the books and records used to produce Le-Nature's audited financial statements for the years ended December 31, 2004 and 2003 had been falsified.

40. You falsified financial books and records that were used to produce Le-Nature's audited financial statements for the years ended December 31, 2004 and 2003.

41. You directed the falsification of financial books and records that were used to produce Le-Nature's audited financial statements for the years ended December 31, 2004 and 2003.

42.    When You signed the Application, You were aware that certain of the financial books and records used to produce Le-Nature's audited financial statements for the years ended December 31, 2004 and 2003 had been falsified.

43.    Le-Nature's gross profit for the year ending December 31, 2004 was less than $109,912,646.

44.    When You signed the Application, to the best of Your knowledge and belief Le-Nature's gross profit for the year ending December 31, 2004 was less than $109,912,646.

45.    When You signed the Application, to the best of Your knowledge and belief Le-Nature's gross profit for the year ending December 31, 2004 was less than $80 million.

46.    When You signed the Application, to the best of Your knowledge and belief Le-Nature's gross profit for the year ending December 31, 2004 was less than $40 million.

47.    Le-Nature's net income for the year ending December 31, 2004 was less than $22,010,988.

48.    When You signed the Application, to the best of Your knowledge and belief Le-Nature's net income for the year ending December 31, 2004 was less than $22,010,988.

49.    When You signed the Application, to the best of Your knowledge and belief Le-Nature's net income for the year ending December 31, 2004 was less than $10 million.

50. When You signed the Warranty Letter, to the best of Your knowledge and belief at least one person proposed for coverage was aware of facts or circumstances which he or she had reason to suppose might give rise to a future claim that would fall within the scope of the proposed coverage.

51. When You signed the Warranty Letter, You were aware of facts or circumstances that You had reason to suppose might give rise to a future claim that would fall within the scope of the proposed coverage.

52. John W. Higbee, Le-Nature's former Chief Financial Officer, raised questions about Le-Nature's accounting in 2002 and/or 2003.

53. In 2002 and/or 2003, John W. Higbee questioned whether several Le-Nature's supposed customers existed.

54. During 2003, Le-Nature's financial books and records reflected sales to customers that did not exist.

55. During 2003, Le-Nature's financial books and records reflected sales to customers that did not purchase any products from Le-Nature's.

56. Mr. Higbee's concerns were not reported to Federal.

57. An internal investigation into Le-Nature's accounting and financial status was conducted in 2003.

58. The internal investigation conducted in 2003 was not reported to Federal.

59. During October 2006, You destroyed documents regarding Le-Nature's.

60. During October 2006, You placed documents regarding Le-Nature's in a trash compactor at or near the Latrobe Plant.

61. During October 2006, You disposed of or concealed documents regarding Le-Nature's.

62. During October 2006, You asked or ordered one or more persons to destroy documents regarding Le-Nature's.

63. During October 2006, You asked or ordered one or more persons to place documents regarding Le-Nature's in a trash compactor at or near the Latrobe Plant.

64. During October 2006, You knew that certain documents regarding Le-Nature's were intentionally destroyed or concealed.

65. During October 2006, You knew that one or more persons destroyed or concealed documents regarding Le-Nature's.

66. During October 2006, You knew that one or more persons placed documents regarding Le-Nature's in a trash compactor at or near the Latrobe Plant.

WILEY REIN LLP

Dated: September 19, 2007

Daniel J. Standish
Charles C. Lemley
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)

Dennis St. J. Mulvihill, Esquire
PA I.D. 16411
ROBB LEONARD MULVIHILL
2300 One Mellon Center
Pittsburgh, PA 15219
412-281-5431

*Attorneys for Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2007, I caused copies of the foregoing Plaintiff Federal Insurance Company's First Set of Requests for Admissions to Gregory Podlucky to be served by prepaid U.S. First Class Mail on:

> Bruce Grohsgal, Esq.
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705
>
> Robert O. Lampl, Esq.
> 960 Penn Avenue
> Suite 1200
> Pittsburgh, PA 15222

*Attorneys for Defendants*

Charles C. Lemley

# EXHIBIT D



1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wileyrein.com

November 6, 2007

Charles C. Lemley
202.719.7354
clemley@wileyrein.com

**VIA FACSIMILE AND MAIL**

Robert O. Lampl, Esquire
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

Re:    Insured:    LeNature's, Inc. and Global Beverage System, Inc.
        Policy No.:    8181-10-88 (the "Policy")
        Claim No.:    129181
        Matter:    *Federal Insurance Company v. Le-Nature's, Inc., et al.*,
                Adversary Proc. No. 07-02138 (MBM)

Dear Mr. Lampl:

I write regarding Mr. Gregory Podlucky's failure to respond to discovery served by Federal Insurance Company ("Federal") in the above-referenced matter. On September 19, 2007, Federal served document requests, interrogatories and requests for admission on Mr. Podlucky. Responses and objections were due no later than October 22, 2007. To date, we have received no responses or objections to any of the discovery requests. Given the lack of timely responses, any objections to the discovery requests have been waived and the requests for admission are deemed admitted. Please let us know whether Mr. Podlucky intends to respond to the interrogatories and document requests without court intervention.

If we do not receive Mr. Podlucky's responses by this Thursday, November 8, we will seek to have this matter heard at the status conference on November 13.

Federal continues to reserve all rights.

Yours sincerely,

Charles C. Lemley

cc:    Daniel J. Standish