# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re LE-NATURE'S, INC., et al., <br>     *Debtors* | Bankruptcy No. 06-25454 (MBM) <br> Chapter 11 <br> Jointly Administered |
| Federal Insurance Company, <br>     *Plaintiff* | Chief Judge M. Bruce McCullough |
| v. | Adversary Proc. No. 07-02138 (MBM) |
| Le-Nature's, Inc., Debtor; R. Todd Nielsen as Chapter 11 Trustee for Le-Nature's, Inc.; and Gregory Podlucky, <br>     *Defendants* | |

## MEMORANDUM IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND TO DEEM REQUESTS FOR ADMISSIONS TO BE ADMITTED

Pursuant to Federal Rules of Civil Procedure 36 and 37(a)(2)(B), as incorporated by Federal Rules of Bankruptcy Procedure 7036 and 7037, Plaintiff Federal Insurance Company ("Federal") moves for an order compelling Defendant Gregory Podlucky ("Podlucky") to respond to Federal's First Set of Document Requests to Gregory Podlucky and First Set of Interrogatories to Gregory Podlucky and for an order to deem Federal's First Set of Requests for Admissions to Gregory Podlucky to be admitted. Federal served these discovery requests on Podlucky on September 19, 2007. To date, Podlucky has failed to respond or object to the discovery requests, to seek an extension of time during which to respond or object, and to answer Federal's November 6, 2007 letter regarding his failure to respond. In light of Podlucky's complete refusal even to acknowledge Federal's discovery requests, Federal respectfully seeks this Court's intervention.

## I. FACTUAL BACKGROUND

### A. The Adversary Proceeding.

Federal filed this Adversary Proceeding to obtain a declaratory judgment that the ForeFront Portfolio Insurance Policy No. 8181-1088 (the "Policy") issued to Le-Nature's, Inc. and Global Beverage Systems, Inc. ("Le-Nature's") is void *ab initio* as to Podlucky and Le-Nature's because it was procured from Federal through material misrepresentations during the application process for the Policy. In the alternative, even assuming the validity of the Policy, Federal seeks a declaration that coverage is not available, or is limited, by Policy provisions and applicable law. *See* Federal's Adversary Proceeding Complaint for Declaratory Judgment, Docket No. 1.

### B. Podlucky's Failure to Respond to Federal's Discovery Requests.

On September 19, 2007, Federal served its First Set of Document Requests ("Document Requests"), First Set of Interrogatories ("Interrogatories"), and First Set of Requests for Admissions ("Requests for Admissions") on Podlucky. *See* Declaration of Charles C. Lemley in Support of Motion to Compel ("Lemley Decl."), Exs. A, B & C. Podlucky's responses were due no later than October 22, 2007. *Id.*, Exs. A, B & C. To date, Podlucky has not answered this discovery.

By letter dated November 6, 2007, counsel for Federal attempted to resolve this matter by inquiring "whether Mr. Podlucky intends to respond to the interrogatories and document requests without court intervention." Lemley Decl., Ex. D (11/6/07 letter from Charles C. Lemley to Robert O. Lampl). Podlucky's counsel never responded to Federal's November 6 letter.

## II. ARGUMENT

### A. Podlucky Must Respond to Federal's Document Requests and Interrogatories.

Podlucky cannot avoid his discovery obligations in this action. Pursuant to Federal Rules of Civil Procedure 33 and 34, as incorporated by Federal Rules of Bankruptcy Procedure 7033 and 7034, Podlucky's responses to the Document Requests and Interrogatories were due on October 22, 2007. Podlucky has not responded to a single interrogatory or document request. Nor has Podlucky requested or obtained any extension of time to respond to discovery. Despite Federal's good faith effort to resolve this matter with Podlucky's counsel, no response has been forthcoming from him for over two months. Therefore, pursuant to Local Bankruptcy Rule 7037-1(D), this Court should order Podlucky to answer Federal's Document Requests and Interrogatories within ten (10) days of the entry of the order.

### B. By Failing to Timely Respond to Federal's Discovery Requests, Podlucky Has Waived Any Objections.

By failing to timely respond or object to Federal's discovery requests, Podlucky has waived any objections, including privilege, that he might otherwise have asserted to Federal's discovery requests. *See, e.g., Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("[W]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later. Even an objection that information sought is privilege is waived if not timely stated . . . .") (citations omitted); *Transamerica Ins. Co. v. Thomas M. Durkin & Sons, Inc.*, Civ. A. No. 90-0968, 1990 WL 167969, at *3 (E.D. Pa. Oct. 30, 1990) ("Consequently, where the party resisting discovery has failed to respond or explain the

basis for non-compliance or where the objection relates solely to relevance or burdensomeness, cases have held all objections waived and compelled discovery.") (citations omitted); *Great N. Ins. Co. v. Altemose Constr. Co.*, Civ. A. No. 87-0572, 1988 WL 831, at *2 (E.D. Pa. Jan. 5, 1988) ("[F]ailure to object to a discovery request in a timely fashion . . . constitutes a waiver of the objections.") (citations omitted). Based on Podlucky's failure to timely object to Federal's discovery requests, the Court should order that Podlucky has waived any objections thereto.

### C. By Failing to Timely Respond to Federal's Requests for Admissions, Podlucky is Deemed to Have Admitted Them for All Purposes in This Adversary Proceeding.

Because Podlucky has failed to timely respond to Federal's Requests for Admissions, the admissions are deemed admitted. Fed. R. Civ. P. 36(a) ("The matter is deemed admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."); *Toborkey v. Heinz*, 83 F.R.D. 208, 210 (W.D. Pa. 1979) ("The plaintiffs failed to reply at any time after service of these requests [for admissions] pursuant to Rule 36 and because of such failure to reply or file objections, these matters are admitted facts."). Such deemed admissions may be used for summary judgment against the party failing to reply to the requests for admissions. *Kelvin Cryosystems, Inc. v. Lightnin*, No. 05-4880, 2007 WL 3193731, at *3-4 (3d Cir. Oct. 29, 2007) (affirming district court's grant of summary judgment based on deemed admissions); *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990) ("This Court and others have held that 'deemed admissions' under Fed. R. Civ. P. 36(a) are sufficient to support orders of summary judgment."); *U.S. v. Klimek*, 952 F. Supp. 1100, 1103 n.1 (E.D. Pa. 1997)

("Under Rule 36, unanswered requests for admissions are deemed conclusively to state admitted and undisputed facts for purposes of a motion for summary judgment . . . ."). The Court, therefore, should order that Federal's Requests for Admissions are deemed admitted as to Podlucky.

## III. CONCLUSION

For the foregoing reasons, Federal respectfully asks that the Court grant Federal's Motion to Compel and enter an order, substantially in the form attached hereto, ordering that (i) Podlucky respond to Federal's Document Requests and Interrogatories to Podlucky within ten (10) days; (ii) any objections Podlucky might have asserted are waived; and (iii) Federal's Requests for Admissions to Podlucky are deemed admitted as to Podlucky for all purposes in this Adversary Proceeding.

Dated: December 4, 2007

/s/ Dennis St. J. Mulvihill
Dennis St. J. Mulvihill, Esquire
PA I.D. 16411
ROBB LEONARD MULVIHILL
2300 One Mellon Center
Pittsburgh, PA 15219
412-281-5431

Daniel J. Standish, Esquire
Charles C. Lemley, Esquire
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)

*Attorneys for Federal Insurance Company*