# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 07-00479-NBF |
| LE-NATURE'S, INC., | |
| Debtor. | Chapter 11 |
| | Bankruptcy No. 06-25454-MBM |
| FEDERAL INSURANCE COMPANY, | Adversary No. 07-02138-MBM |
| Plaintiff, | |
| | Doc. No. |
| v. | |
| | Related to Doc. No. 1 |
| LE-NATURE'S, INC., R. TODD NIELSEN, CHAPTER 11 TRUSTEE FOR LE-NATURE'S, INC., AND GREGORY PODLUCKY, | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GREGORY PODLUCKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE

AND NOW, comes Defendant Gregory Podlucky ("Podlucky"), by and through his attorneys, Robert O Lampl and John P. Lacher, and set forth this Memorandum of Law in Support of Response in Opposition to Motion to Withdraw the Reference as follows:

### BACKGROUND STATEMENT

Defendant Gregory Podlucky was instrumental in founding the Debtor, which prior to these proceedings was one of the country's foremost bottlers of alternative, non-alcoholic beverages. The Plaintiff issued the Debtor's Errors and Omissions insurance coverage pursuant to a General Liability Policy (the "Policy") in favor of the Debtor. That policy provided benefits to the members of

1

the Debtor's Board of Directors in the event of claims or litigation regarding possible errors and/or omissions on the part of members of said Board of Directors that may have occurred.

In approximately May, 2006, equity security holders ("Baum" and "Putnam") initiated an action in the Delaware Court of Chancery (the "State Court Action") against the Debtor, averring a host of improprieties alleged to have been committed by members of the Debtor's Board of Directors, including, inter alia, Defendant Podlucky. The State Court Action averred that Baum and Putnam were equity security holders in the Debtor and, pursuant to their investment in the Debtor, received certain contract rights, including, inter alia, the right to approve capital expenditures; the right to receive complete and accurate information regarding the financial condition of the Debtor; the right to liquidate their investment in the Debtor by forcing a sale of the Debtor in the event the Debtor had not commenced an IPO prior to September 30, 2006 and, in the event of such a forced sale, the right to assume control of the Debtor's Board of Directors.

The Defendants in the State Court Action consist of the Debtor and four members of the Debtor's seven man Board of Directors. The Complaint set forth various actions and investments Baum and Putnam averred were undertaken by the Debtor without their knowledge or consent, including unauthorized capital expenditures in connection with the development of a Florida and/or Arizona facility; failure to provide complete information in response to requests; threatening bankruptcy to induce a "low-ball" purchase price of Baum and Putnam's interest in the Debtor; improper self-dealings between the Debtor and

certain members of its Board; sabotaging the Debtor's sale and, upon averred information and belief, the forgery of a document relating to an equipment lease.

Baum and Putnam sought relief for these averred improprieties by requesting the State Court to: (1) enforce their contract rights with the Debtor; (2) enjoin the Debtor from making certain non-ordinary course capital expenditures; (3) enjoin the individual Defendants from failing to seek maximum value for the Debtor's sale; (4) enjoin the Debtor from failing to provide complete and detailed financial information; (5) enjoin the Defendants from interfering with Baum and Putnam's contract rights to initiate and control the sale of the Debtor; (6) enjoin the Defendants from interfering with Baum and Putnam's rights to control the Debtor's Board of Directors; (7) enjoin the Defendants from interfering with Baum and Putnam's rights to remove members of the Debtor's Board of Directors; (8) enjoin the Defendants from wasting the assets of the Debtor; (9) appoint a custodian or receiver pendente lite to operate the Debtor pending its sale; (10) compel the specific performance of the Debtor's contractual obligations to Baum and Putnam; and (11) award damages to Baum and Putnam.

In essence, the State Court Action requested that Baum and Putnam, who are equity shareholders in, and insiders of, the Debtor, assume control of the Debtor's operations, oust Board members unacceptable to them, appoint Board members acceptable to them, appoint a Receiver or Custodian during the pendency of the State Court Action, compel the sale of the Debtor and award damages for the Defendants' averred breach of various contractual and fiduciary duties. The State Court Action was removed to the United States Bankruptcy

Court for the Western District of Pennsylvania. Baum and Putnam seek to remand this case back to the Delaware Court of Chancery, which Motion is currently pending before the Honorable M. Bruce McCullough.

Despite well publicized allegations of wrongdoing and salacious media leaks, there has been no finding to date of any wrongdoing on the part of Defendant Podlucky or any of the other Defendants in the State Court Action, either in that case or in a criminal investigation it spurred.

The Defendant, as well as other members of the Debtor's Board of Directors, has sought coverage under the Plaintiff's Policy. The Bankruptcy Trustee, the Official Committee of Unsecured Creditors and the Ad Hoc Creditors' Committee have all taken the position that the Policy, and any proceeds payable thereunder, are assets of the Debtor's estate, and that any litigation regarding those assets constitutes a core proceeding.

The Plaintiff has received Relief From Stay to extend defense costs to Podlucky and the other Defendants in the State Court Action. Contemporaneously it has filed a Declaratory Judgment Action seeking a declaration that the Policy is void ab initio, as having been induced by fraudulent misrepresentations by the Debtor and Defendant Podlucky. The bases for these assertions are the very well-publicized (and thus far unfounded) salacious rumors, allegations and leaks which have characterized the State Court Action and the related criminal investigation. The Plaintiff now seeks to persuade this Honorable Court to Withdraw the Reference to the Bankruptcy Court in order to have the Declaratory Judgment Action tried in District Court. Defendant Podlucky

has filed his Response in Opposition to the Plaintiff's Motion to Withdraw the Reference, and submits this Memorandum of Law in Support thereof.

## ARGUMENT

**1.    *The instant case is a core proceeding, as it concerns the proceeds of an insurance policy, which proceeds may be a major recoverable asset of the Debtor's estate. Nonetheless, even in a related non-core proceeding, the District Court may maintain jurisdiction in the Bankruptcy Court if certain factors weigh in favor of Bankruptcy Court adjudication.***

The issue of whether or not the instant cause of action is a core proceeding has already been briefed by the Parties in the Bankruptcy Court. Defendant Podlucky agrees with the Trustee and the Creditors' Committees that the Plaintiff's Policy is an asset of the Bankruptcy estate, and litigation relating to its validity constitutes a core proceeding. Podlucky argues, however, that even if the Plaintiff's action is determined by the Court to be a non-core proceeding, the withdrawal of the reference is still inappropriate. In *Maritime Electric Company, Inc. v. United Jersey Bank, et al.*, 1992 U.S. App. LEXIS 5144, 22 Bankr. Ct. Dec. 1309 (3d. Cir. March 24, 1992), the United States Court of Appeals for the Third Circuit held that…

> "28 U.S.C.S. § 1334 grants original jurisdiction over bankruptcy cases and proceedings to the district courts. Only federal district courts have original, but not necessarily exclusive, jurisdiction over bankruptcy cases and proceedings. Nevertheless, district courts may properly refer bankruptcy cases and proceedings to federal bankruptcy judges. 28 U.S.C.S. § 157…"Civil proceedings related to a particular bankruptcy case must, of course, be distinguished from cases under title 11, and civil proceedings arising under or arising in bankruptcy cases. A district court's 28 U.S.C.S. § 1334(b) related to jurisdiction is extensive. A

> proceeding is related to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action, either positively or negatively, and which in any way impacts upon the handling and administration of the bankruptcy estate. Related to jurisdiction includes proceedings resting on causes of action owned by a debtor on facts in existence when the debtor files for bankruptcy protection."

> "Where a civil proceeding already pending in one district becomes related to a chapter 13 case subsequently filed in another district court, the proper method for transferring the related proceeding to the bankruptcy court hearing the chapter 13 case is to seek a change of venue in the nonbankruptcy forum pursuant to 28 U.S.C.S. § 1412 and Fed. R. Bankr. P. 7087. After the related proceeding is transferred to the district court wherein the chapter 13 case is pending, then pursuant to 28 U.S.C.S. § 157(a), the related proceeding may be referred to the bankruptcy court actually hearing the chapter 13 case." Id.

Given that the jurisdiction of this Court over the matter is appropriate, the Court must then proceed to weigh the factors established by the United States Court of Appeals for the Third Circuit in determining whether or not to permissively withdraw the standing order of reference to the Bankruptcy Court.

### 2.  *The factors the Court must weigh in determining whether a discretionary withdrawal of the reference is appropriate support the case remaining in the United States Bankruptcy Court.*

The factors for the Court to weigh in determining whether or not a discretionary withdrawal of the reference is appropriate in a particular case are enumerated in the case of *In Re: Technologies Liquidations Company f/k/a*

*Advizetechnologies, LLC, Debtor, Robert L. Williams, Trustee v. Avnet, Inc.*, 2007 U.S. District LEXIS 28320 (W.D.Pa. 2007):

> "A district court should consider several factors when determining whether discretionary withdrawal is appropriate: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor and creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal." Citing *In re: Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

The factors enumerated by Judge Ambrose in *Technologies* do not support a withdrawal of the reference in the instant case. The Bankruptcy Court is considering a number of cases, claims, causes of action and proceedings relating to the Debtor and its extensive obligations and creditors. The propriety of a given choice before the Bankruptcy Court requires the Bankruptcy Judge to be able to manage the case docket in an efficient and effective manner. The uniformity of the Bankruptcy Court's administration of the Debtor's case is not facilitated by the farming out of litigation which may have a critical impact on the interests of various parties to the case, particularly those whose prospects for recovery may depend upon the outcome of Plaintiff's pending action. A credible argument cannot be sustained that uniformity of administration is fostered or facilitated by requiring that issues of critical import to the Bankruptcy Case be heard by separate Courts. Moreover, the Bankruptcy Court's extensive knowledge of the underlying facts and circumstances of the Debtor's Bankruptcy are wasted where certain of the matters before that Court are directed to the

District Court, which Court is required to commence the action without benefit of that knowledge.

The potential for forum shopping and confusion also weigh against the relief requested by the Plaintiff. The Plaintiff has not suggested any substantial reason why the Bankruptcy Court is not the appropriate forum in which to try the Plaintiff's action. Defendant Podlucky therefore has no reason to call into question concerns regarding forum shopping, other than to note that matters brought in proceedings intimately related to a pending Bankruptcy Case are typically tried by the Bankruptcy Court. The possibility of confusion, however, is a genuine concern. The trial of this matter requires case administration, the establishing of appropriate pleading deadlines, joinder deadlines, discovery deadlines and other factors necessary for efficient administration of the Case. Moreover, the instant Case will have a substantial impact upon other proceedings pending before the Bankruptcy Court. The necessity of coordinating the Bankruptcy Court's calendar with the District Court's calendar, and the unavoidable delays and inefficiencies attendant to two Courts simultaneously deliberating upon issues germane to the Debtor's Case virtually invites confusion. Again, a credible argument cannot be made that the involvement of two Courts does not present a greater potential for confusion than does the involvement of but one Court.

The Plaintiff has attempted the argument that because the District Court will have jurisdiction over any appeal from the decision of the Bankruptcy Court, it is a more economical use of judicial resources, as well as those of the Debtor

and its creditors, to have the Case tried in the first instance in the District Court. Defendant Podlucky believes this argument to be specious. First, it presumes that the decision of the Bankruptcy Court will of necessity be subjected to appellate review. In that instance, an argument could be made that every case should be tried in an appellate court, in order to consolidate the proceedings into one trial that assumes both the functions of trial and appeal. This Defendant does not believe that the trial of this matter by the District Court, simultaneous to proceedings under way in the Bankruptcy Court, constitutes an efficient use of resources, where the District Court is required to serve as a trial court, requiring the Debtor and the Defendants to litigate or attend to case administrative matters in two Courts simultaneously.

Nor does the trial of this matter in the District Court expedite the bankruptcy process. To the contrary, the Bankruptcy Court loses the ability to efficiently manage its docket, and scheduled pending matters affected by the outcome of this litigation will be left in limbo, pending the outcome of proceedings in the District Court. The District Court would be required to expend time and energy coordinating its proceedings with the Bankruptcy Court, and making the Bankruptcy Court aware of the status of the Case as it progresses. There can be no doubt that the litigation of issues of critical import to the Bankruptcy Case in the District Court will of necessity slow the progress of the Bankruptcy Case.

Finally, the Court should be aware that this Case has not yet been commenced, other than the filing of the Action. There has been no discovery, and no substantive deliberations. It may prove to be the case that upon the

completion of discovery the Case will prove susceptible to resolution upon dispositive motions. In that event, in addition to the other factors referenced above, it is premature to consider the necessity or desirability of a withdrawal of the reference at this early stage of the Case.

## CONCLUSION

For the reasons set forth above, Defendant Podlucky respectfully submits that the Plaintiff's Motion to Withdraw the Reference should be denied.

Respectfully Submitted,

*/s/ Robert O Lampl*
ROBERT O LAMPL
Pa. I.D. # 19809

JOHN P. LACHER
Pa. I.D. # 62297

960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

Counsel for Defendant Gregory Podlucky

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 2:07-cv-00479-NBF |
| LE-NATURE'S, INC., | |
| Debtor. | Chapter 11<br>Bankruptcy No. 06-25454-MBM |
| FEDERAL INSURANCE COMPANY, | Adversary No. 07-02138-MBM |
| Plaintiff, | |
| | Doc. No. |
| v. | |
| | Related to Doc. No. 1 |
| LE-NATURE'S, INC., R. TODD NIELSEN, CHAPTER 11 TRUSTEE FOR LE-NATURE'S, INC., AND GREGORY PODLUCKY, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Robert O Lampl, do hereby certify that I served a true and correct copy of the foregoing Memorandum of Law in Support of Response in Opposition to Motion to Withdraw the Reference upon the following, by electronic service, on the 7th day of May, 2007:

Dennis St. J. Mulvihill
Mark A. Martini
Robb, Leonard Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

James Joseph
Spilman Thomas & Battle, PLLC
One Oxford Center, Suite 3440
301 Grant Street

11

Pittsburgh, PA 15219

David Rudov
Rudov & Stein, P.C.
First & Market Building
100 First Avenue, Suite 500
Pittsburgh, PA 15222

/s/ *Robert O Lampl*
Robert O Lampl
Pa. I.D. # 19809

John P. Lacher
Pa. I.D. # 62297

960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330

Counsel for Defendant Gregory Podlucky