IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 06-25454-MBM |
| LE-NATURE'S, INC., | |
| Debtor. | Chapter 11 |
| FEDERAL INSURANCE COMPANY, | Adversary No. 07-02138-MBM |
| Plaintiff, | Doc. No. |
| v. | Related to Doc. No. 47 |
| LE-NATURE'S, INC., R. TODD NIELSEN, CHAPTER 11 TRUSTEE FOR LE-NATURE'S, INC., AND GREGORY PODLUCKY, | |
| Defendants. | |

_____

| | |
|---|---|
| GREGORY J. PODLUCKY, | |
| Movant, | |
| v. | |
| FEDERAL INSURANCE COMPANY, | |
| Respondent. | |

**RESPONSE OF GREGORY J. PODLUCKY IN OPPOSITION TO FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND TO DEEM REQUESTS FOR ADMISSIONS TO BE ADMITTED AND MOTION TO WITHDRAW ADMISSIONS**

AND NOW, comes the Defendant Gregory J. Podlucky ("Podlucky") by

and through his attorneys, Robert O Lampl and John P. Lacher, and files this

**RESPONSE OF GREGORY J. PODLUCKY IN OPPOSITION TO FEDERAL**

**INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO**

**DISCOVERY REQUESTS AND TO DEEM REQUESTS FOR ADMISSIONS TO BE ADMITTED AND MOTION TO WITHDRAW ADMISSIONS** as follows:

### RESPONSE OF GREGORY J. PODLUCKY TO MOTION TO COMPEL:

1.      The Movant is Gregory J. Podlucky ("Podlucky"), a Defendant in the above-captioned Adversary Proceeding.

2.      The Respondent is Federal Insurance Company ("Federal"), the Plaintiff in the above-captioned Adversary Proceeding.

3.      Federal issued policies of general liability and errors and omissions insurance to the Debtor and its Officers and Directors.

4.      Shortly after the issuance of the policies, the Debtor was forced into bankruptcy and its financial dealings have been the subject of intense scrutiny.

5.      Federal is faced with the likelihood of substantial claims under the aforementioned policies, both from third parties asserting damage claims as well as the Officers and Directors requesting the tender of a defense thereto.

6.      Federal commenced this Adversary Proceeding by Complaint on March 30, 2007, seeking a Declaratory Judgment that a policy of insurance issued by Federal should be declared void ab initio.

7.      In its Complaint, Federal avers a series of actions alleged to have been committed by Podlucky that it contends render the policies of insurance it issued for the benefit of the Debtor void ab initio.

8.     The averments pled by Federal against Podlucky allege a series of wrongful acts which, if true, could constitute possible criminal conduct on the part of Podlucky.

9.     Federal submitted no evidence or documentation in support of its contentions, but instead raised a boilerplate recitation of a number of salacious media accounts, unattributed statements and unconfirmed representations alleging a host of potentially criminal actions by Podlucky.

10.     The aforesaid policies of insurance provide the Officers and Directors of the Debtor with coverage in the event of criminal prosecution, and require Federal to tender its insureds a defense thereto.

11.     Certain of the Officers and Directors of the Debtor have demanded that Federal tender a defense to possible criminal prosecution, but Federal has denied coverage and taken the position that coverage is not required to be extended unless and until actual criminal charges are filed against its insureds.

12.     Podlucky in his Answer to Complaint averred that the allegations set forth therein have never been adjudicated or proved, and that until such adjudication, constitute nothing more than allegations parroted from third parties.

13.     Podlucky is widely reported to be the subject of an ongoing, high-profile criminal investigation being conducted by the Office of the United States Attorney for the Western District of Pennsylvania, the Internal Revenue Service and postal inspectors for the United States Postal Service.

14.     Podlucky has retained criminal defense counsel to represent him with respect to said investigation, to-wit: Thomas R. Ceraso.

15.	Podlucky's civil counsel is under instruction to consult with criminal defense counsel prior to filing any documents in the various civil cases in which he is involved.

16.	Podlucky filed a Motion to Stay All Proceedings in an action pending before the Honorable Gary L. Lancaster filed by the International Fidelity Insurance Company at No. 07-00235, citing the potential Fifth Amendment implications of various discovery requests propounded upon Podlucky.

17.	That Motion was denied by Judge Lancaster by Order dated September 19, 2007, without prejudice to Podlucky's right to refile in the event that he is actually charged with criminal conduct.

18.	Subsequent to the denial of the said Motion, the United States filed a Forfeiture Complaint naming Podlucky and the Debtor as Defendants, and seeking the forfeiture of jewelry estimated by the government to be worth between $12 and 24 million.

19.	In its Complaint, the government identified the criminal statutes that are the focus of its investigation, including bank fraud, wire fraud, mail fraud and conspiracy to defraud a federally-insured lending institution.

20.	Podlucky has not asserted any ownership interest in the aforesaid assets, which he believes to be the property of the Debtor.

21.	On September 19, 2007, Federal served Podlucky with discovery, in the form of a First Set of Discovery Requests, First Set of Interrogatories and First Set of Requests for Admissions.

22.     Podlucky has no documents responsive to Federal's document request, as he has been prohibited from accessing those documents maintained at the Debtor's facility and as all of the documents in his possession relating to the Debtor have been seized by various investigating agencies. Further, even the hard drive of his computer was seized by said investigators.

23.     Federal's Interrogatories and Requests for Admissions follow the averments of its Complaint, in which various unsubstantiated averments of criminal misconduct are set forth.

24.     Gregory J. Podlucky avers that it is not possible to respond to Federal's discovery requests without compromising the Constitutional rights against self-incrimination guaranteed to him under the Fifth Amendment.

25.     Podlucky avers that Federal has attempted to circumvent those rights and obtain an unfair and improper advantage in these proceedings by propounding discovery requests, including Requests for Admissions, that specifically require him to respond directly to allegations of criminality conduct with full knowledge of an ongoing and wide scale criminal investigation is underway.

26.     Federal's Interrogatories and Requests for Admissions require Podlucky, in a civil proceeding, to answer directly averments of criminal conduct in the midst of an ongoing criminal investigation.

27.     It is not possible for Podlucky to respond thereto without adversely impacting his Fifth Amendment Constitutional rights.

28.    Federal is attempting thereby to place Podlucky in a dilemma, where he faces a choice of compliance with civil discovery requests or compromising his Fifth Amendment Constitutional rights.

29.    To the extent that the Court is inclined to grant the Motion to Compel Podlucky to respond to Federal's discovery requests, Podlucky shall respectfully comply in the form of an assertion of his Fifth Amendment Constitutional rights.

WHEREFORE, Defendant Gregory J. Podlucky respectfully requests that this Honorable Court deny Federal Insurance Company's Motion to Compel Responses to Discovery Requests

## MOTION TO WITHDRAW ADMISSIONS

30.    The averments of Response paragraphs 1 through 29 are incorporated herein by reference thereto as if fully set forth at length.

31.    Both Federal's Interrogatories and Requests for Admissions require Podlucky, in a civil proceeding, to answer directly averments of criminal conduct in the midst of an ongoing criminal investigation.

32.    It is not possible for Podlucky to respond thereto without adversely impacting his Fifth Amendment Constitutional rights.

33.    Federal is attempting thereby to place Podlucky in a dilemma, where he faces a choice of compliance with civil discovery requests or compromising his Fifth Amendment Constitutional rights.

34.    Podlucky has been advised by his criminal defense counsel to make no statement going to the substantive averments of criminal conduct that are replete throughout Federal's Request for Admissions.

35.    Federal has taken the position that it is not obligated to tender a defense on his behalf to criminal charges unless and until said charges are actually filed against him.

36.    As a result of Federal's refusal to tender a defense, Federal has required Podlucky to personally bear the costs of the retention of criminal defense counsel at a time when he has been proscribed from his employment with the Debtor and has been deprived of his income.

37.    Simultaneously, Federal has made allegations of criminal conduct in its civil proceeding against Podlucky, and filed its Request for Admissions in an attempt to have those allegations deemed to be admitted.

38.    In effect, Federal's conduct toward Podlucky may be summarized as follows:

A.    It will not tender a criminal defense unless charges are filed;

B.    It has accused Podlucky of the commission of a crime;

C.    It seeks to require Podlucky to admit to criminal conduct by means of Requests for Admissions in a civil proceeding;

D.    If said requests are deemed to be admitted, Federal would then take the position that Podlucky has admitted to engaging in criminal conduct, and thus no coverage is due as the policy is void ab initio;

E.     Federal, in essence, seeks to abort the criminal trial process, proceed to convict Podlucky in a civil proceeding and utilize his civil "conviction" to abrogate its obligation to tender him a defense to any potential criminal charges.

39.     This Honorable Court should not indulge Federal's attempts to circumvent its obligations under its policy of insurance by allowing Federal to leverage Podlucky's Fifth Amendment Constitutional rights to gain unfair advantage in a civil proceeding.

40.     Further, to the extent that Podlucky's unwillingness to compromise those rights may be in contravention of the provisions of F.R.Civ.P. 36, Podlucky moves this Court for an Order permitting him to withdraw said admissions for the reasons set forth in Podlucky's Memorandum of Law In support of Motion to Withdraw Admissions filed contemporaneously with this Motion.

WHEREFORE, Defendant Gregory J. Podlucky respectfully requests that this Honorable Court enter an Order deeming the admissions of Gregory Podlucky to Federal Insurance Company's Requests for Admissions to be Withdrawn.                                    Respectfully Submitted,

 */s/ Robert O Lampl*
ROBERT O LAMPL
Pa. I.D. # 19809
JOHN P. LACHER
Pa. I.D. # 62297
960 Penn Avenue
Suite 1200
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Counsel for Defendant Gregory J.
Podlucky

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 06-25454-MBM |
| LE-NATURE'S, INC., | |
| Debtor. | Chapter 11 |
| FEDERAL INSURANCE COMPANY, | Adversary No. 07-02138-MBM |
| Plaintiff, | Doc. No. |
| v. | Related to Doc. No. 47 |
| LE-NATURE'S, INC., R. TODD NIELSEN, CHAPTER 11 TRUSTEE FOR LE-NATURE'S, INC., AND GREGORY PODLUCKY, | |
| Defendants. | |
| _____ | |
| GREGORY J. PODLUCKY, | |
| Movant, | |
| v. | |
| FEDERAL INSURANCE COMPANY, | |
| Respondent. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Robert O Lampl, do hereby certify that I served a true and correct copy of the foregoing **RESPONSE OF GREGORY J. PODLUCKY IN OPPOSITION TO FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND TO DEEM REQUESTS FOR ADMISSIONS TO BE ADMITTED AND MOTION TO WITHDRAW ADMISSIONS** upon the

following, by electronic service and/or hand delivery, on the 11th day of

December, 2007:

Dennis St. J. Mulvihill
Mark A. Martini
Robb, Leonard Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

James Joseph
Spilman Thomas & Battle, PLLC
One Oxford Center, Suite 3440
301 Grant Street
Pittsburgh, PA 15219

David Rudov
Rudov & Stein, P.C.
First & Market Building
100 First Avenue, Suite 500
Pittsburgh, PA 15222


/s/ *Robert O Lampl*
Robert O Lampl
Pa. I.D. # 19809

John P. Lacher
Pa. I.D. # 62297

960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330
(412) 392-0335

Counsel for Defendant Gregory
J. Podlucky