# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re LE-NATURE'S, INC., et al., <br>     *Debtors.* | Bankruptcy No. 06-25454 (MBM) <br> Chapter 11 <br> Jointly Administered |
| Federal Insurance Company, <br>     *Plaintiff,* <br> v. <br> Le-Nature's, Inc., Debtor; R. Todd Nielsen as Chapter 11 Trustee for Le-Nature's, Inc.; and Gregory Podlucky, <br>     *Defendants.* | Chief Judge M. Bruce McCullough <br><br> Adversary Proc. No. 07-02138 (MBM) |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUESTS AND TO DEEM REQUESTS FOR ADMISSION TO BE ADMITTED AND IN OPPOSITION TO GREGORY PODLUCKY'S MOTION TO WITHDRAW ADMISSIONS

After ignoring the deadline for responding to Federal Insurance Company's ("Federal") discovery requests, and after ignoring Federal's follow-up efforts to obtain a response, Gregory Podlucky now belatedly asks the Court to ignore the long-passed deadline and allow him to assert a blanket Fifth Amendment objection as a prohibition on all discovery directed to him. Podlucky is too late: the case law makes clear that Podlucky waived the ability to assert his Fifth Amendment objections in this case by the lapse of the deadline established by the Federal Rules.[1] Moreover, Podlucky's blanket invocation of the Fifth Amendment does not absolve him from responding to Federal's discovery requests. Accordingly, this Court should order that Podlucky's objections are waived, that Podlucky must respond to Federal's interrogatories and document requests, and that all

---

[1] The Federal Rules of Civil Procedure applicable to interrogatories, document requests, and requests for admission are applied to discovery in bankruptcy court pursuant to Federal Rules of Bankruptcy Procedure 7033, 7034, and 7036.

requests for admission are deemed admitted for purposes of this adversary proceeding.

I.  **ARGUMENT**

   A.  **Podlucky has Waived Any Fifth Amendment Objections.**

By failing to respond to Federal's discovery requests in a timely fashion, Podlucky has waived all of his objections to Federal's discovery, including any Fifth Amendment objections. As the Supreme Court stressed long ago in *Yakus v. United States*, 321 U.S. 414 (1944), "[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of that right." *Id.* at 444; *see also Maness v. Meyers*, 419 U.S. 449, 466 (1975) (The Fifth Amendment "is not a self-executing mechanism; it can be effectively waived or lost by not asserting it in a timely fashion.").

This proposition is well-established in this Circuit. In *United States v. $1,322,242.58*, 938 F.2d 433 (3d Cir. 1991), the Third Circuit affirmed a district court's decision to dismiss a case due to the discovery respondents' failure to produce discovery, even though one of the parties made an untimely objection that the discovery would violate its Fifth Amendment rights. In that case, the United States instituted forfeiture proceedings to take ownership over funds it alleged were related to illegal narcotics trafficking. Two parties intervened, claiming an interest in the money: Reginald Whittington, a convicted drug dealer; and Road Atlanta, Inc., a corporation in which Whittington owned a 94% stake. The United States served discovery requests on both parties. They, like Podlucky, failed to respond. The United States filed a motion to compel, which was granted. Shortly thereafter, the United States sought to have the forfeiture objections dismissed on the basis of the failure to comply with the court's discovery order. The district court granted the motion and dismissed the case. Road Atlanta filed a motion to reconsider, claiming that it had provided some discovery and arguing that Whittington would assert the Fifth Amendment as to all of the United

States' discovery requests, thus excusing his failure to respond. The district court found these objections to the dismissal insufficient. *Id.* at 437. The Third Circuit affirmed the district court's dismissal, noting that,

> Reginald Whittington's belated and blanket assertion of Fifth Amendment privilege did not justify the claimants' conduct during the course of the proceedings in district court. If Whittington wished to assert his Fifth Amendment privilege in response to any of the interrogatories or requests for production of documents served by the government, *he was required to assert timely objections in response to individual discovery requests.* ... Thus, the Fifth Amendment provides no justification for the claimants' conduct in the district court.

*Id.* at 439-40 (emphasis added).

Many other courts repeatedly have held that a failure to assert a timely Fifth Amendment objection in response to discovery results in waiver of the objection. For example, the court in *Jaffe v. Grant*, 793 F.2d 1182 (11th Cir. 1986), affirmed the district court's ruling that the plaintiff waived his Fifth Amendment privilege by failing to timely assert the privilege in response to discovery. *Id.* at 1190 n.6. Similarly, in *Adams v. Cananagh Communities Corp.*, No. 82 C 7332, 1988 WL 64097 (N.D. Ill. June 13, 1988), the court held that parties asserting the Fifth Amendment as an objection to discovery waived their Fifth Amendment privilege because they first objected to discovery on Fifth Amendment grounds approximately three months after discovery responses were due, and only after the plaintiffs filed a motion for sanctions. *Id.* at *1. The court held that "[t]he tardiness of Defendants' assertion constitutes a waiver of the privilege." *Id.* Indeed, as the court noted in *Davis v. Fendler*, 650 F.2d 1154 (9th Cir. 1981), "[g]enerally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged. Clearly, the Fifth Amendment is not a self executing mechanism. It can be affirmatively waived or

3

lost by not asserting it in a timely fashion." *Id.* at 1160 (citation omitted).

Here, Podlucky had numerous opportunities to assert a Fifth Amendment objection, including in response to Federal's discovery requests or in response to Federal's November 6 letter seeking a response to Federal's discovery. Podlucky, however, failed even to raise the prospect of asserting Fifth Amendment objections until well after the deadline for responding to discovery, long after Federal sought to obtain his compliance with the requests, and only minutes before the hearing on Federal's motion to compel on December 11. As in *United States v. $1,322,242.58*, "the Fifth Amendment provides no justification for [Podlucky's] conduct" in failing to timely respond to Federal's discovery. *Id.* at 440. Case law consistently holds that a party's failure to assert timely Fifth Amendment objections constitutes waiver of those objections. Under this well-established precedent, Podlucky waived any objections to Federal's discovery by failing to timely raise those objections.

### B. Podlucky Should Not Be Permitted to Withdraw His Admissions.

By failing timely to respond to Federal's Requests for Admissions, Podlucky is deemed to have admitted the requests. Podlucky now seeks to withdraw his deemed admissions pursuant to Federal Rule of Civil Procedure 36(b), which provides that a Court "may permit withdrawal or amendment" of deemed admissions where the presentation of the merits would be served and the other party would not be prejudiced thereby. However, Podlucky relies upon case law in which courts decided whether to permit a party to withdraw admissions in order to submit late responses, not whether to permit parties to assert belated objections. *See* Podlucky's Resp. at 6 (citing *Eckell v. Borbridge*, 114 B.R. 63 (E.D. Pa. 1990) ("The first issue which must be resolved in this appeal is whether the bankruptcy court erred *in allowing plaintiffs to respond late* to defendants' request for admissions.") (emphasis added)). Podlucky does not seek to submit late answers; rather, he seeks to

withdraw his admissions in order to refuse to respond on Fifth Amendment grounds. *See* Podlucky's Resp. at 5. Thus, this case law does not help him.

Moreover, Podlucky would suffer no prejudice from deemed admissions in this case. First, any admissions in this adversary proceeding are not binding in any criminal case. *See* Fed. R. Civ. P. 36(b) ("Any admission by a party under this rule is *for the purpose of the pending action only* and is not an admission for any other purpose nor may it be used against the party in any other proceeding.") (emphasis added). Second, even assuming Podlucky were allowed to assert a Fifth Amendment objection, the result would be the same: parties are deemed to admit facts when they invoke the Fifth Amendment in response to requests for admissions in a civil case. *See, e.g., United States v. $493,850.00*, No. 03-2345 PHX VAM, 2006 WL 163570, at *7-8 (D. Ariz. Jan. 23, 2006) (finding blanket assertion of Fifth Amendment rights in response to requests for admission improper and thus deeming admitted all of the unanswered requests); *In re Sedlacek*, 327 B.R. 872, 886 (Bankr. E.D. Tenn. 2005) (where discovery respondent objected to requests to admit on basis of Fifth Amendment, court held that a negative inference could be drawn from this failure to respond and deemed admitted the unanswered requests); *JSC Foreign Economic Association Technostroyexport v. Int'l Development and Trade Services, Inc.*, 386 F. Supp. 2d 461, 467 n.3 (S.D.N.Y. 2005) (deeming admitted all facts not rebutted in response to motion for summary judgment for which responding party invoked Fifth Amendment); *In re Vrusho*, 321 B.R. 607, 612-13 (Bankr. D.N.H. 2005) (deeming admitted "all matters to which the Defendant claims the privilege."). Since Podlucky seeks to withdraw his admissions only to refuse to respond on Fifth Amendment grounds, his request to withdraw his admissions should be denied.

Moreover, courts also consider whether the dilatory party demonstrated excusable neglect in failing timely to respond to requests for admissions. *See Kelvin Cryosystems, Inc. v. Lightnin*, No.

05-4880, 2007 WL 3193731, *4 (3d Cir. Oct. 29, 2007) (denying motion to accept untimely responses to requests for admission where party missed filing deadlines without satisfactory explanation); *Kleckner*, 103 F.R.D. at 557 (M.D. Pa. 1984) (denying request for leave to withdraw admissions where party "offered no explanation whatsoever for its failure to file these responses within the 30-day period prescribed by Rule 36."). Podlucky has offered no justification whatsoever for his failure to respond or object to Federal's Requests for Admissions or Federal's subsequent letter seeking a response to its discovery. Thus, Podlucky's motion to withdraw his admissions should be denied.

      C.    **Podlucky Cannot Avoid Responding to Federal's Document Requests by Relying Upon an Unsubstantiated Invocation of the Fifth Amendment.**

Although Podlucky has waived objections based on the Fifth Amendment due to his failure to timely assert them, his Fifth Amendment objections to the document requests, even if not waived, would fail for the additional reason that the Fifth Amendment does not protect parties from producing documents already in existence, even if those documents might be incriminating, because the documents were created without impermissible government compulsion. *Baltimore Dep't of Social Services v. Bouknight*, 493 U.S. 549, 555 (1990) ("a person may not claim the [Fifth] Amendment's protections based upon the incrimination that may result from the contents or nature of the thing demanded."); *United States v. Doe*, 465 U.S. 605, 618 (1984) ("The Fifth Amendment provides absolutely no protection for private papers of any kind.") (O'Connor, J., concurring). Thus, the Fifth Amendment does not protect any documents that might be in Podlucky's possession, even if the documents might incriminate Podlucky both civilly and criminally.

To be sure, the Fifth Amendment, in some instances, may preclude a court from requiring document production because the act of production itself may exhibit characteristics of self-

incriminating testimony by forcing the producing party to admit that certain documents exist, are in the responding party's possession, and are responsive to the document requests or subpoena. *Fisher v. United States*, 425 U.S. 391, 410 (1976). The Fifth Amendment does not apply, however, where the existence of documents or the responding party's possession of the documents would not tend to incriminate the responding party. *See id.* at 410-11. In this case, Podlucky's proposed blanket invocation of the Fifth Amendment fails to demonstrate why the act of producing the documents sought by Federal will incriminate him. The majority of the documents sought relate to Le-Nature's, and therefore would be expected to be in the possession of the company's former CEO. The existence and location of the documents would therefore not be incriminating, even if the documents' contents might be. Accordingly, the Court should order Podlucky to respond to Federal's Document Requests.

### D. Even Assuming the Court Permitted Podlucky to Assert Belated Objections, He May Not Do So on a Blanket Basis.

Even if the Court permitted Podlucky belatedly to assert his Fifth Amendment objections (which it should not), Podlucky may not make the type of blanket invocation of the Fifth Amendment that Podlucky suggests. *See* Podlucky's Resp. at 5 ("[t]o the extent that the Court is inclined to grant the Motion to Compel Podlucky to respond to Federal's discovery requests, Podlucky shall respectfully comply in the form of an assertion of his Fifth Amendment Constitutional rights.") A defendant's blanket assertion of the privilege to all discovery is unacceptable because it forces the opposing party and the reviewing court to speculate as to which questions would tend to incriminate. *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987). Consequently, a person seeking to assert the privilege must do so with respect to each question so that the court may determine whether in each instance the claim is well-founded. *Pack v. United*

*States*, No. CV-F-92-5327-REC, 1995 WL 783591, at *9-10 (E.D. Cal. Nov. 8, 1995); *see also $1,322,242.58*, 938 F.2d at 439 (3d Cir. 1991) (Fifth Amendment requires timely objections in response to individual discovery requests); *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) ("The only way the [Fifth Amendment] privilege can be asserted is on a question-by-question basis, and thus as to each question asked, the party has to decide whether or not to raise his Fifth Amendment right."); *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971) (a person seeking to assert the privilege must do so with respect to each question so that the court may determine whether in each instance the claim is well-founded); 7 James Wm. Moore et al., Moore's Federal Practice § 26.51[1] (3d ed. 1997) ("A claim of privilege against self-incrimination must be directed to specific questions or documents.").

## II. CONCLUSION

Podlucky has waived his right to assert the Fifth Amendment in response to Federal's discovery requests because he did not timely assert that objection. Accordingly, Federal respectfully requests that the Court grant its motion to compel, deny Podlucky's motion to withdraw his admissions, and enter an order providing that (i) all requests for admission are deemed admitted for the purposes of this adversary proceeding; (ii) all objections to Federal's discovery are waived; and (iii) Podlucky must respond to Federal's document requests and interrogatories within 10 days.

Respectfully submitted,

/s/ Dennis St. J. Mulvihill
Dennis St. J. Mulvihill, Esquire
Mark A. Martini, Esquire
ROBB LEONARD MULVIHILL
2300 One Mellon Center
Pittsburgh, PA 15219
412-281-5431
*Attorneys for Movant Federal Insurance Company*

Of Counsel:

Daniel J. Standish, Esquire
Charles C. Lemley, Esquire
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)
*Attorneys for Movant Federal Insurance Company*

Dated: December 21, 2007