IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **LE-NATURE'S, INC., et al.,** | : | **Bankruptcy No. 06-25454-MBM** |
| | : | |
| Debtors. | : | **Chapter 11** |
| | : | |
| **Federal Insurance Company,** | : | |
| | : | |
| Plaintiff, | : | **Jointly Administered** |
| | : | |
| v. | : | **Adversary No. 07-2138-MBM** |
| | : | |
| **Le-Nature's, Inc., Debtor; R. Todd Nielsen as Chapter 11 Trustee for Le-Nature's, Inc.; and Gregory Podlucky,** | : : : : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

**AND NOW,** this **10th day** of **January, 2008**, upon consideration of

(a) the adversary complaint for declaratory judgment brought by Federal Insurance Company, the instant plaintiff (hereafter "Federal"),

(b) Federal's motion for an order (i) directing Gregory Podlucky, one of the instant defendants (hereafter "Podlucky"), to respond to Federal's First Set of Document Requests (hereafter "the Document Requests") and Federal's First Set of Interrogatories (hereafter "the Interrogatories") within ten days of the grant of such order, (ii) that holds that any objection that Podlucky might have asserted with respect thereto has been waived by virtue of Podlucky's failure to timely respond thereto, and (iii) that holds that Federal's First Set of Requests for Admissions (hereafter "the

Admissions Requests") propounded to Podlucky are deemed admitted as to Podlucky for all purposes in the instant adversary proceeding because of Podlucky's failure to timely respond to them,

(c) Podlucky's Motion to Withdraw Admissions deemed to have occurred by virtue of his aforementioned failure to timely respond to the Admissions Requests, and

(d) the parties' respective responses to such motions, as well as their briefs in support of such motions and responses,

and after notice and a hearing on Federal's motion, which hearing was held on December 11, 2007,

it is **hereby determined that the Court shall issue an order to the effect that the motions of Federal and Podlucky are adjudicated as follows**:

(1) Podlucky must, within thirty (30) days from the date of entry of the instant Memorandum and the accompanying Order of Court, respond separately, and in writing, to (a) each interrogatory contained in the Interrogatories, and (b) each item or category of documents requested in the Document Requests;

(2) Podlucky has waived any objection – or any ground for an objection such as, for instance, a Fifth Amendment right – that he might have wished to advance with respect to either the Document Requests or the Interrogatories;

(3) each matter of which an admission is requested from Podlucky as set forth

in the Admissions Requests is hereafter admitted as to Podlucky for all purposes in the instant adversary proceeding unless Podlucky, within thirty (30) days from the date of entry of the instant Memorandum and the accompanying Order of Court, specifically denies such matter; and

(4) Podlucky has waived any objection to the Admissions Requests, including one based upon a Fifth Amendment right, which means that Podlucky, when so responding to the Admissions Requests as set forth in the preceding paragraph herein, may no longer do anything more than simply admit or deny each matter of which an admission is requested therein.

The rationale for the Court's decision is briefly set forth below.

## I.

Federal served both the Document Requests and the Interrogatories upon Podlucky on September 19, 2007, which means that Podlucky was required to respond to the same within thirty (30) days from such date, or by October 22, 2007. *See* Fed.R.Bankr.P. 7033, 11 U.S.C.A. (West 2005) (making Fed.R.Civ.P. 33 applicable to the instant matter); Fed.R.Civ.P. 33(b)(3), 28 U.S.C.A. (West 2007) (response to interrogatories due within 30 days); Fed.R.Bankr.P. 7034, 11 U.S.C.A. (West 2005) (making Fed.R.Civ.P. 34 applicable to the instant matter); Fed.R.Civ.P. 34(b), 28 U.S.C.A. (West 2007) (response to document production request due within 30 days); Fed.R.Bankr.P. 9006(f), 11 U.S.C.A. (West 2007) (aforesaid 30 day periods are extended by 3 days if service is by mail, as it was in the instant matter). Podlucky has yet to respond to either the Document Requests or the Interrogatories, which means that (a) he has necessarily failed to

3

timely respond to either, and (b) an order compelling Podlucky to respond to both is warranted at this time, *see* Fed.R.Bankr.P. 7037, 11 U.S.C.A. (West 2005) (making Fed.R.Civ.P. 37 applicable to the instant matter); Fed.R.Civ.P. 37(a)(2)(B) & (d), 28 U.S.C.A. (West 2007) (order to compel is just one of many actions that court may take in response to a failure to respond to appropriate discovery requests).

In holding, in particular, that Podlucky has failed to timely respond to such discovery requests of Federal, the Court notes that, even if it were to consider Podlucky's December 11, 2007 response to Federal's *motion to compel responses* to its discovery requests as a response by Podlucky to each of such discovery requests themselves, such response by Podlucky would nevertheless be untimely because it was filed on December 11, 2007, or substantially later than October 22, 2007. Because Podlucky has failed to comply with the 30 day discovery deadlines imposed by the applicable Federal Rules of Bankruptcy and Civil Procedure vis-a-vis the Document Requests and the Interrogatories, and since Podlucky has not presented the Court with any good cause that would serve to excuse such noncompliance, Podlucky has thus thereby waived any objection – or any ground for an objection such as, for instance, a Fifth Amendment right – that he might have wished to advance when responding with particularity to both the Document Requests and the Interrogatories. *See* Fed.R.Civ.P. 33(b)(4), 28 U.S.C.A. (West 2007) (objections to interrogatories waived if not timely asserted unless court excuses untimeliness for good cause shown); U.S. v. One Million Three Hundred Twenty-Two Thousand Two Hundred

Forty-Two Dollars and Fifty-Eight Cents ($1,322,242.58), 938 F.2d 433, 439 (3rd Cir. 1991) (objections, including one based upon a Fifth Amendment privilege, are waived if not advanced in a timely response to a discovery request under either Fed.R.Civ.P. 33 (interrogatories) or Fed.R.Civ.P. 34 (document production requests)); Adams v. Cananagh Communities Corp., 1988 WL 64097 (N.D.Ill. 1988) (same).

In light of the foregoing, Podlucky must respond separately, and in writing, to (a) each interrogatory contained in the Interrogatories, and (b) each item or category of documents requested in the Document Requests. When so responding, Podlucky may not assert any sort of objection, including a Fifth Amendment privilege. The Court will allow Podlucky thirty (30) days from the date of entry of the instant Memorandum and the accompanying Order of Court to so respond.

## II.

Federal also served the Admissions Requests upon Podlucky on September 19, 2007, which means that Podlucky was required to respond to them as well within thirty (30) days from such date, or by October 22, 2007, failing which each matter of which an admission was requested therein is henceforth admitted as to Podlucky for all purposes in the instant adversary proceeding only. *See* Fed.R.Bankr.P. 7036, 11 U.S.C.A. (West 2005) (making Fed.R.Civ.P. 36 applicable to the instant matter); Fed.R.Civ.P. 36(a) & (b), 28 U.S.C.A. (West 1992 & Supp. 2007) (matters admitted unless, within 30 days, a response is made); Fed.R.Bankr.P. 9006(f), 11 U.S.C.A. (aforesaid 30 day period

is extended by 3 days if service is by mail, as it was in the instant matter). As was the case with the Document Requests and the Interrogatories, Podlucky has thus far failed to respond to the Admissions Requests. Such failure by Podlucky, pursuant to Fed.R.Civ.P. 36, results in the admission henceforth by Podlucky as to himself of each matter of which an admission was requested therein for all purposes in the instant adversary proceeding only.

Recognizing as much, Podlucky moves for the withdrawal of all such deemed admissions pursuant to Fed.R.Civ.P. 36(b). Fed.R.Civ.P. 36(b) allows the Court to "permit [such] withdrawal ... when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission[s] fails to satisfy the court that withdrawal ... will prejudice that party in maintaining the action or defense on the merits." Fed.R.Civ.P. 36(b), 28 U.S.C.A. The Court finds that Podlucky satisfies the preceding standard for withdrawal of his deemed admissions and, therefore, will permit such withdrawal. However, that Fed.R.Civ.P. 36(b) authorizes the Court to, and that the Court does now, permit such withdrawal does not thereby absolve Podlucky of his obligation to respond to the Admissions Requests. *See* Adams, 1988 WL 64097 at 2. Thus, Podlucky must respond to the Admissions Requests, and the Court will allow him thirty (30) days from the date of entry of the instant Memorandum and the accompanying Order of Court to so respond.

Furthermore, that Fed.R.Civ.P. 36(b) authorizes the Court to, and that the Court does now, permit Podlucky to withdraw all of his deemed admissions does not operate to undo a waiver by Podlucky of any objection – including a Fifth

Amendment privilege – that he might have advanced, or might now wish to advance, regarding any of the Admissions Requests, which waiver has occurred by virtue of Podlucky's failure to timely respond to the Admissions Requests.[1] *See* Id. at 1; *cf.* U.S. v. $1,322,242.58, 938 F.2d at 439 (objections to interrogatories and/or document production requests are waived if not advanced in a timely response to such discovery requests). Therefore, Podlucky, when responding to the Admissions Requests as he remains so obligated to do, may no longer do anything more than simply admit or deny each matter of which an admission is requested therein.

Because Podlucky remains obligated to respond to the Admissions Requests, and since he may no longer do anything more than simply admit or deny each matter of which an admission is requested therein when so responding, it makes little sense for the Court to permit a withdrawal of those deemed admissions that regard matters for which Podlucky does not henceforth specifically assert a denial thereof. Thus, each matter of which an admission is requested from Podlucky as set forth in the Admissions Requests is hereafter admitted as to Podlucky for all purposes in the instant adversary proceeding only unless Podlucky, within thirty (30) days from the date of entry of the instant

---

[1] Exactly as was the case, as set forth above, with respect to Podlucky's December 11, 2007 response to Federal's *motion to compel responses* to its discovery requests, even if the Court were to consider Podlucky's response of the same date to Federal's motion to deem the Admissions Requests to be admitted as a response by Podlucky to each of the Admissions Requests themselves, such response by Podlucky would nevertheless be untimely because it was filed on December 11, 2007, or substantially later than October 22, 2007.

Memorandum and the accompanying Order of Court, specifically denies such matter.

**III.**

For all of the reasons stated above, the Court shall issue an order – which order is attached to the instant Memorandum – that is in the form as set forth on pages 2 – 3 above.

**BY THE COURT**

 /s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **LE-NATURE'S, INC., et al.,** | : | **Bankruptcy No. 06-25454-MBM** |
| | : | |
| Debtors. | : | **Chapter 11** |
| | : | |
| **Federal Insurance Company,** | : | |
| | : | |
| Plaintiff, | : | **Jointly Administered** |
| | : | |
| v. | : | **Adversary No. 07-2138-MBM** |
| | : | |
| **Le-Nature's, Inc., Debtor; R. Todd Nielsen as Chapter 11 Trustee for Le-Nature's, Inc.; and Gregory Podlucky,** | : | |
| | : | |
| Defendants. | : | |

## ORDER OF COURT

**AND NOW,** this **10th day** of **January, 2008**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(1)  Gregory Podlucky, one of the instant defendants (hereafter "Podlucky"), must, within thirty (30) days from the date of entry of the instant Order of Court and the accompanying Memorandum, respond separately, and in writing, to (a) each interrogatory contained in the First Set of Interrogatories (hereafter "the Interrogatories") propounded by Federal Insurance Company, the instant plaintiff (hereafter "Federal"), and (b) each item or category of documents requested in Federal's First Set of Document Requests (hereafter "the Document Requests");

(2)  Podlucky has waived any objection – or any ground for an objection such as, for instance, a Fifth Amendment right – that he might have wished to advance with respect to either the Document Requests or the Interrogatories;

(3)  each matter of which an admission is requested from Podlucky as set forth in Federal's First Set of Requests for Admissions (hereafter "the Admissions Requests") is hereafter admitted as to Podlucky for all purposes in the instant adversary proceeding only unless Podlucky, within thirty (30) days from the date of entry of the instant Order of Court and the accompanying Memorandum, specifically denies such matter; and

(4)  Podlucky has waived any objection to the Admissions Requests, including one based upon a Fifth Amendment right, which means that Podlucky, when so responding to the Admissions Requests as set forth in the preceding paragraph herein, may no longer do anything more than simply admit or deny each matter of which an admission is requested therein.

**BY THE COURT**

/s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

copies to:

Dennis St. J. Mulvihill, Esq.
Robb Leonard Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

Daniel J. Standish, Esq.
Charles C. Lemley, Esq.
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

James Joseph, Esq.
Spilman Thomas & Battle
One Oxford Center, Suite 3440
301 Grant Street
Pittsburgh, PA 15219

David Rudov, Esq.
Rudov & Stein
First & Market Building
100 First Avenue, Suite 500
Pittsburgh, PA 15222

Robert O Lampl, Esq.
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222